No. 2716.

### John Burks v. The State.

ATTEMPT TO UTTER A FORGED INSTRUMENT—EVIDENCE—CHARGE OF THE COURT.—While it was competent, in a prosecution for atempting to pass a forged instrument, for the State to prove that the accused attempted to pass the same forged instrument to another than the person alleged in the indictment, and at another time and place, it was incumbent on the court to charge the jury that such evidence was admissible only upon the issue of the fraudulent intent of the accused in the transaction on trial. Omission to so charge was fundamental error.

APPEAL from the District Court of Taylor. Tried below before the Hon. T. H. Conner.

The conviction in this case was for attempting to pass to one R. S. Tuttle, the same forged instrument which is set out in the statement of the preceding case of Burks v. The State. This is the cause referred to by the witnesses in the preceding case as the cause number five hundred and eighty-two on the district court docket of Taylor county. The penalty assessed in this case was a term of two years in the penitentiary.

No brief for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WILLSON, JUDGE. Upon the trial of this case, the State proved that the defendant attempted to pass the alleged forged instrument to another party than the one named in the indictment, and at another time and place. While this testimony was competent, as tending to show the intent of the defendant in attempting to pass said instrument to the party named in the indictment, it was nevertheless extraneous, and the court should have explained to the jury, in its charge, the purpose for which it was admitted, and directed that it could be considered by them for no other purpose, and that they could not convict the defendant for any other attempt to pass said instrument than the specific one alleged in the indictment. (Burks v. The State, ante, p. 326.)

Other questions presented in this record have been determined in cause No. 2715, between the same parties, just decided.

Because the court omitted to instruct the jury with respect to the testimony as to extraneous acts of the defendant, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Opinion delivered November 23, 1887.