# DECEMBER 6, 1939

PEDRO GUTIERREZ v. THE STATE.

No. 20644. Delivered December 6, 1939.

The opinion states the case.

*H. H. Dunn,* of Edinburg, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted of the burglary of a private residence in the night time; penalty assessed at twelve years' confinement in the penitentiary.

It is further charged in the indictment that appellant had been convicted of a like offense on a former occasion and had served a term in the penitentiary. He admitted in his testimony that he was convicted of burglary in 1930 and had served nineteen months for it.

The contention is made that this was not a similar offense and that the court's charge directing the jury as to the penalty was error. We think the former conviction for burglary is a similar offense to the present one of burglarizing a private residence in the night time, and the court's charge on the subject was proper. See Harbert v. State, 124 S. W. (2d) 1005; Sasser v. State, 98 S. W. (2d) 211; Strickland v. State, 28 S. W. (2d) 818; Warner v. State, 42 S. W. (2d) 616.

Other questions are raised which we do not consider of importance, and they are overruled with the exception of the one as to whether or not the State properly proved a case of burglary. The contention that it did not must be sustained. We have examined the record very carefully and find no evidence and no circumstance which would justify the jury in concluding that there was any application of force or fraud, either upon the house entered or upon any individual asserting the right to its ownership, use or occupancy. The record is silent as to the condition of the house other than that it was a five-room residence occupied by the aggrieved party, a widow with a large family of children and grand-children, some of whom it must be assumed are of age or at least married. In this state of the record we are compelled to hold that the State failed to introduce, before the jury, the evidence necessary to sustain the averments in the indictment. For the failure to do so, the case is reversed and the cause remanded for a new trial.