**Bobby Gene JOHNSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 20963.**

United States Court of Appeals Fifth Circuit.

March 3, 1964.

---

* Of the Tenth Circuit, sitting by designation.

William H. Maness, Henry F. Martin, Jr., Jacksonville, Fla., for appellant.

William Hamilton, Jr., Asst. U. S. Atty., Jacksonville, Fla., Edward F. Boardman, U. S. Atty., Middle District of Florida, for appellee.

Before TUTTLE, Chief Judge, and JONES and BELL, Circuit Judges.

TUTTLE, Chief Judge.

In this appeal from conviction and sentence for knowingly transporting in interstate commerce stolen goods valued in excess of $5,000, we find one ground for reversal that makes unnecessary our consideration of the other grounds of appeal.

Court-appointed counsel represented the accused on the trial. Several fairly obvious defects in the furnishing of completely adequate defense appear in the trial record. While these failures would ordinarily not be sufficient to warrant the vacation of the conviction and sentence on collateral attack on the ground of inadequate representation of counsel, other circumstances present in this direct appeal do, we think, call for reversal on that ground. Not infrequently, where a collateral attack is launched on a conviction under Section 2255, 28 U.S.C.A., the new lawyer asserts that trial counsel failed to discharge his obligation to his client in such a material manner as to constitute a denial of right to counsel. Here, we have the unusual situation of trial counsel himself (not the counsel here on appeal) making this charge against himself. In the motion for new trial which trial counsel filed he asserted:

"D. That the procedures in appointing counsel to defend indigent defendants does not insure a fair trial to the defendant in that said counsel does not have the experience which would have been prerequisite in a trial such as this *nor do such counsel have the time or inclination* to properly investigate and prepare for said trial." (Emphasis supplied.)

The motion then points to three fairly prejudicial failures on counsel's part in order to support his thesis that he either did not spend the time or he did not have the "inclination" to properly prepare for the trial.

■■ We can not permit this conviction to stand in light of this clear showing that there was in fact a denial of the first essential ingredient of the right to counsel—a devotion to the interest of the accused that was at least equal to that expected from compensated counsel of an accused's own choosing.

The Court expresses its appreciation to counsel appointed by it for the purpose of representing the appellant on this appeal.

The judgment is reversed for further proceedings.