**UNITED STATES of America,**
**Appellee,**

v.

**George RAY, Appellant.**

**No. 9969.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 6, 1965.

Decided Oct. 11, 1965.

L. Hugh West, Jr., Statesville, N. C. (Court-assigned counsel), for appellant.

Wm. Medford, U. S. Atty. (James O. Israel, Jr., Asst. U. S. Atty., on brief), for appellee.

Before BOREMAN and J. SPENCER BELL, Circuit Judges, and MARTIN, District Judge.

PER CURIAM.

Defendant Ray was found guilty of transporting a stolen motor vehicle in

interstate commerce in violation of 18 U.S.C. § 2312. He asserts a violation of his Sixth Amendment right to the effective assistance of counsel in that court-appointed counsel did not have sufficient time between his appointment and trial to locate a party from whom defendant claimed to have borrowed the transported automobile.

 Admitting that the Sixth Amendment requires that counsel for an indigent defendant be appointed far enough in advance of trial to permit adequate preparation therefor, the Government argues that on the facts of this case the appointed attorney had sufficient time to adequately prepare for trial.

Here the attorney knew seven days in advance of trial that he was designated to represent Ray and interviewed Ray two days before trial. The attorney was given free access to the Government's file which disclosed that much of the Government's investigation was made before the defendant was arrested. Counsel learned from talks with an F.B.I. agent and a United States Marshal that extensive efforts had been made by the Government to locate an individual from whom the defendant claimed he had borrowed the transported automobile; he was advised that the Government had arranged to have present at the trial a certain individual who had been identified by the defendant, from a photograph, as the alleged lender of the car.[1]

Counsel further learned that the Government was prepared to prove that the defendant had attempted to license and insure the car in his own name and had represented the car as his own by exhibiting to his father a false bill of sale from a local automobile sales agency. Under such circumstances defendant's attorney could not, in good faith, and did not ask for a continuance for the purpose of further investigation since the defendant was unable to provide him with any information which would be of assistance in presenting a defense.

We find no merit in defendant's contention that his constitutional rights were violated in that he was not provided with counsel at an earlier date. There can be no predetermination of the length of time needed by court-appointed counsel to prepare for trial since the requirements will vary greatly and what may be a reasonable time in one case could be quite unreasonable in another. See Baldwin v. United States, 260 F.2d 117 (4 Cir. 1958).

Affirmed.

---

1. This individual was present at trial but was not called as a witness by either side.