**UNITED STATES of America ex rel. Charles MATHIS**

v.

**Alfred T. RUNDLE, Superintendent, State Correctional Institution, Graterford, Pennsylvania.**

**Misc. No. 3420.**

United States District Court
E. D. Pennsylvania.
April 18, 1967.

Michael O'S. Floyd, Drinker, Biddle & Reath, Philadelphia, Pa., for petitioner.

Charles Haddad, Asst. Dist. Atty., Philadelphia, Pa., for respondent.

## OPINION AND ORDER

WOOD, District Judge.

Relator, Charles Mathis, brings this habeas corpus petition alleging on several specific grounds that he is unconstitutionally incarcerated.[1] He principally contends four grounds for relief and argues further that if one ground considered alone is not sufficient to entitle him to a writ, then the total effect of the alleged deficiencies in his representation and trial establish that he did not receive due process of law.

Specifically he alleges:

1. He was denied the use of effective counsel because counsel who was not appointed until the same day as the trial did not confer with him before trial, did not adequately prepare the case and did not ask for a continuance either before the trial or during it when witnesses were not present.

2. He was prejudiced by knowing use of perjured testimony by the prosecution.

3. Prior convictions were introduced into evidence by the prosecution.

4. He had no counsel at the preliminary hearing and was prejudiced as a result.

5. The entire procedure against him violated due process of law.

The undisputed facts are as follows: Relator was in a semi-private club on November 7, 1963, where there was gambling activity. He had an altercation with the prosecuting victim Spraggans which turned into a brawl. Relator stabbed the victim twice, once in the back and once directly below the chest, but he managed to give Mathis a thorough beating. Mathis was not arrested until April 22, 1964. Mathis's defense at trial was that the fight was precipitated by Spraggans and that he used a knife only in self-defense. Mathis is about 40 to 50 pounds lighter than the prosecuting victim.

Mathis was brought before a magistrate on April 23rd and held without bail for trial. He was subsequently indicted on May 13th and tried on July 9th and 10th. He has remained continually in prison from the date of his arrest.

Leonard Packel, Esquire, of the Voluntary Defender's Office, represented Mathis at his state trial. He had been as-

---

1. Mathis was indicted on bill numbers 664, 665 and 666, May, 1964 Sessions, charging assault and battery, aggravated assault and battery, assault and battery with intent to murder (664), aggravated robbery (665), and carrying a concealed deadly weapon (666). He was tried without a jury and found guilty of aggravated assault and battery and carrying a concealed deadly weapon. Sentence of one to two years was imposed on former conviction; sentence of one year's probation to run concurrently with the prison term was imposed on the latter conviction. Relator however had about 39 months of parole time from another sentence which he is now serving. He has not yet commenced to serve the sentence imposed for the conviction now under consideration.

signed the case by his office the previous night when he reviewed the file. Mathis was interviewed on July 2, 1964, by the Voluntary Defender who obtained all of the relevant details. Notices were sent out to witnesses to appear in court on July 9th.

■ While Mathis is presently serving back time for violation of probation, this is no bar to habeas corpus relief. He is officially classified as a convicted parole violator. This means that he has been compelled to serve all the time imposed on a previous sentence as a result of the present conviction although many months elapsed while he was free on probation. 61 Purdon's §§ 331.21a. See U. S. ex rel. Heacock v. Myers, 251 F. Supp. 773 (E.D.Pa. 1966), aff'd per cur. 367 F.2d 583 (3rd Cir. 1966). It is irrelevant that the state could have imprisoned him as a technical parole violator. At any rate, the Commonwealth has conceded that habeas corpus relief is appropriate. Therefore, we will proceed to the merits.

■ Relator's contention that the trial was defective because evidence of two prior convictions was introduced is not well taken for either reason advanced. First, counsel stipulated that documentary proof of the convictions need not be made. There was and is no contention that Mathis was not twice convicted. The prosecution was prepared to prove the convictions. Secondly, the convictions were relevant to impeach Mathis's testimony. Their weight was for the trial judge. Smith v. United States, 358 F.2d 683 (3rd Cir. 1966). This is not the case.[2]

■ Use of perjured testimony known to be such by the prosecution is ground for a writ of habeas corpus if the testimony was material. U. S. ex rel. Cornitcher v. Myers, 253 F.Supp. 763 (E.D.Pa. 1966). Relator argues that Spraggans testified that the arresting officer was not present in court although this was not true. Whether Officer Burke was or was not the arresting officer appears to us to be completely immaterial. Moreover, there was no proof that Spraggans knew he was not telling the truth or that he could have identified the arresting officer at all. The second allegedly perjured remark, that of Spraggans as to when he made a complaint, was adequately handled on cross-examination by counsel at the trial.

Ineffectiveness of counsel is predicated on two separate facets of the case. First, relator argues, Mr. Packel was not adequately prepared to try the case since he was assigned the case the night before. Secondly, the trial transcript reveals that counsel made the following statement before he formally rested:

"If Your Honor please, my other witnesses apparently have evaporated along with many other things this week. For this reason I will rest." (P. 33 N.T. state trial).

Mr. Packel, he contends, should have asked for a continuance in this situation.

■ After having considered the facts related to the present petition, we find no denial of effective representation of counsel in the initial investigation and appointment as to amount to a constitutional deprivation of counsel. It appears from the record that counsel made as searching an examination of the Commonwealth's prosecuting and only major witness as possible under the circumstances. He attempted effectively although unsuccessfully to impeach Spraggans and when Mathis took the stand brought out his position as adequately as could be done. This rebuts petitioner's position that counsel was not effective because not properly prepared. Moreover, the facts of the case were relatively simple. The decision hinged on a question of credibility. A relatively short period of time would have been required to prepare a defense properly

---

2. There is no proof that testimony of arrests was introduced. On page 34 of the state court record, the word arrest was immaterial and was only a prelude to the prosecution's statement that relator was twice convicted of armed robbery before the trial.

once initial investigation had been made. Counsel was familiar with the file prepared by his office. He had studied it the night before the trial and had opportunity after the overnight recess to review the facts and interview the witnesses in the courtroom if necessary.[3] We find no defect in the representation made by counsel, especially when considered in light of the standards essential according to In re Ernst's Petition, 294 F.2d 556, 558 (3rd Cir. 1961).

The second facet of petitioner's contention of inadequate counsel is apparently the failure to request a continuance in the light of counsel's statement that his witnesses had disappeared. Denial of a continuance does not constitute a denial of the constitutional right to assistance of counsel. The question must be decided in the light of facts then presented and conditions then existing. Avery v. State of Alabama, 60 S.Ct. 321, 84 L.Ed. 377, 308 U.S. 444 (1940). The only reason for recitation of these basic principles is to test counsel's reasons for not asking for a continuance at the trial. See also U. S. ex rel. Kelley v. Rundle, 242 F.Supp. 708 (E.D.Pa. 1965); aff'd 353 F.2d 214 (3rd Cir. 1965).

Counsel's failure to produce or call witnesses is relevant only if they would have assisted in relator's case. Relator does not have to show that the result would have been different but only that the witnesses might have affected the result. Even today, however, no witness has been produced who might have been of such assistance. Cf. Twiford v. Peyton, 372 F.2d 670 (4th Cir. 1967), where they directed the issuance of a writ on a stronger case.

Leonard Packel, Esq., who represented relator at his state trial was experienced and able in the trial of criminal cases in July, 1964. He had been admitted to practice in November, 1961, and had participated as counsel for defendants in over 1,000 court appearances, including guilty pleas. We have seen him on numerous occasions and can attest to his diligence and competency in the handling of criminal matters.

His statement during the trial about the absence of witnesses was explained at the federal court hearing. The witnesses would in all probability have been of no material assistance to defendant's case and might in fact have harmed it. He had had time to talk to them the day before and while they might have been useful on the robbery charge, he reasoned differently as to assault and battery. He did not ask for a continuance. His reason was that the trial judge would have denied a continuance since Mr. Packel could not say whether the witnesses would be helpful and in fact thought they might harm his defense. We find no ineffective representation in the above facts.

The last single contention is that relator was unrepresented at the Magistrate's hearing when he was held for the grand jury. Mathis finds this to be prejudicial in that if he had had counsel, he could have cross-examined the witnesses and showed there was no robbery and he would have been released without bail. He would then not have lost his employment and could have obtained private counsel. Obviously, he was not prejudiced by the lack of counsel as in Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961) and White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963).

As a general rule, counsel is not required to be present at the preliminary hearing in Pennsylvania, since it is not a critical stage in the prosecution. Its purpose is merely to determine whether there is probable cause to hold defendant for the grand jury. Commonwealth ex rel. Maisenhelder v. Rundle, 414 Pa. 11, 15, 198 A.2d 565 (1964).

It is unfortunate in Pennsylvania that an accused must attend a preliminary hearing without counsel and must spend long periods of time incar-

---

3. Counsel testified that the witnesses would have been useful on the charge of rob-bery. However, his demurrer to that was sustained.

cerated without counsel. However, this is a problem to be remedied by state officials who must recognize obvious inequities in a system which tolerates such abuse of individual rights, but which does not result in direct prejudice in the ensuing criminal trial. We are unwilling to hold as a matter of federal constitutional law that counsel must be present at all formal or informal court appearances, where no statement is taken or where no other results direct and probably prejudicial result. See however Twiford v. Peyton, supra.

Secondly and most importantly, there is no proof that relator would have been released under bail assuming counsel could have shown there was no robbery or other serious offense. No matter what, he was on parole at the time of the alleged offense and could have been detained as a parole violator for carrying a concealed deadly weapon and for engaging in gambling. 61 Purdon's § 331.-21a(b). Therefore, we find no merit in his position.

Counsel for relator cites U. S. ex rel. Drew v. Myers, 327 F.2d 174 (3rd Cir. 1964), cert den. 379 U.S. 847, 85 S.Ct. 88, 13 L.Ed.2d 52 (1964) in support of his final argument that the entirety of the procedures violated due process of law. This results from the several defects in the pre-trial proceedings combined with the fact that this case was exceedingly close. The distinction from *Drew* quite plainly is that there was a witness unavailable at that time but who could be reached and could possibly have averted a conviction.

Petitioner's claim herein falls short of Drew's position. He had the witnesses in the courtroom. Counsel at some time interviewed them and felt their testimony was so useless that he could not ask the trial judge for a continuance. He rejected their testimony in effect. We thus find the final argument untenable.

Accordingly, the petition is denied.

We wish to thank Michael O'S. Floyd, Esq. for the capable assistance he rend-

ered to relator in this case. Mr. Floyd submitted an excellent brief setting forth in persuasive detail the petitioner's case.