**Lewis Donald JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41119.**

Court of Criminal Appeals of Texas.

March 20, 1968.

Rehearing Denied May 8, 1968.

Elmo R. Willard, III, and Theodore R. Johns, Beaumont, on appeal only, for appellant.

Roy S. Wingate, Dist. Atty., Jim Sharon Bearden, Asst. Dist. Atty., Orange, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The conviction is for burglary of a private residence at night with the intent to commit theft; the punishment, eighteen years.

Appellant was represented at the trial by court-appointed counsel. On this appeal he is represented by Attorneys Elmo R. Willard, III, and Theodore R. Johns, whom he employed after his conviction.

Two grounds of error are urged by appellant in his brief filed in the trial court.

First, appellant insists that he was denied the effective assistance of counsel in the trial of the case; second, he contends that the evidence is, as a matter of law, insufficient to sustain the conviction.

The record reflects that appellant was indicted by the grand jury on January 3, 1967. On February 3, 1967, at the time of his arraignment, J. I. Graves was appointed by the court to represent him. Trial was on May 1, 1967, on appellant's plea of not guilty.

At the hearing on the issue of guilt or innocence, the prosecuting witness, a white woman, testified that she was a widow and lived alone in her home in the city of Orange. On the night in question she went to bed around 10:40 p. m. Before retiring, she closed the front screen door with a hook-and-eye latch but left the main, wooden door open. Later, at 11:40 p. m., she was awakened by an unusual noise. She got up, turned on the light over her bed, got her flashlight and a .38 calibre pistol, and went through the house to investigate. Upon going to the front of the house, she came face to face with a colored man whom she positively identified as the appellant, standing about a foot inside the house, with the wooden door partially closed behind him. Appellant was glaring at her and had something in his hand. Appellant started walking toward her and she fired two shots with the pistol, the second shot striking him in the face. Appellant then grabbed her, took the pistol, and, after throwing her to the floor, shot her twice with the pistol, a bullet striking her in each leg. Appellant then fled from the house, and the prosecuting witness—through the telephone operator—notified the police, who came to the scene.

The prosecuting witness testified that she had never seen the appellant before and did not give him permission to break into her house and take anything away on the night in question.

In the investigation which ensued, it was discovered that a small hole had been punched in the front screen door in the area of the latch, and a yellow-handled screwdriver was found on the bedroom floor near where the prosecutrix was sitting when the officers arrived. The screwdriver, according to her testimony, did not belong to her and she had never seen it before. Upon being placed in the hole in the screen door, the screwdriver fit exactly.

Testifying as a witness in his own behalf, appellant admitted going to the home of the prosecuting witness on the night in question

but denied breaking into the house. He swore that he went to the house by her invitation and entered through the front door and that he had been there before, in furtherance of a clandestine affair which existed between him and the prosecuting witness. Appellant stated that on the night in question when he wanted to leave, the prosecuting witness objected and threatened to kill him if he did; that in an argument which ensued she shot him with the .38 pistol and while they were scuffling the gun "went off twice" and she was shot. Appellant testified that after they had both been shot and were in the room talking, he told the prosecuting witness he would try to protect her, and they agreed to make the offense look like a burglary; that she would drop the assault charges against him; and that he would plead guilty to burglary and obtain a suspended sentence or probation, for which she would intercede in his behalf with the district attorney.

We first overrule appellant's contention (ground of error #2) that the evidence is insufficient to sustain the conviction because the proof does not show that his entry into the house was by force or with the intent to steal.

The evidence presented by the state showing that the screen door was closed and latched when the prosecuting witness retired, the hole in the screen, and the screwdriver lying on the floor after appellant entered the house were sufficient to sustain a finding by the jury that the entry was by force.

Such facts distinguish the case from Milton v. State, 24 Tex.App. 287, 6 S.W. 303, cited by appellant, where the evidence showed entry into a house through an open door. Gutierrez v. State, 138 Tex.Cr.R. 45, 134 S.W.2d 282, also cited by appellant, is distinguishable upon the facts where the record was silent as to the condition of the house entered and there were no facts or circumstances which authorized the jury to find that the entry was by force.

Proof, in the instant case, that appellant entered the house in the nighttime raised the presumption that he did so with the intent to steal. Briones v. State, Tex.Cr. App., 363 S.W.2d 466; Sikes v. State, 166 Tex.Cr.R. 257, 312 S.W.2d 524.

The jury was authorized to reject appellant's explanation as to why he entered the house and to find that such entry was with intent to steal.

We also overrule appellant's contention (ground of error #1) that he was denied the effective assistance of counsel in this case.

The record reflects that after counsel was appointed to represent appellant in the case, appellant informed him that he wanted to plead guilty to the burglary charge. They went before the judge and after appellant was admonished and state's counsel announced that he could not recommend less than thirty years, appellant stated, " 'that's not supposed to be the deal * * *,' " and did not enter a guilty plea. The case was then set for trial and on a Monday before trial the following Monday, counsel asked appellant to relate to him his "story" about the case.

At the trial, appellant, while testifying in his own behalf, gave his version of the facts surrounding his entry into the house.

His defense was submitted to the jury in the court's charge, by an instruction to acquit if the jury believed from the evidence or had a reasonable doubt that appellant entered the house at the invitation— express or implied—of the prosecuting witness and not for the purpose of committing theft.

The case is distinguishable, upon the facts, from the federal cases cited by appellant, where there was no adequate preparation by court-appointed counsel in presenting the accused's defense at the trial.

In Brooks v. State of Texas, 381 F.2d 619 (Fifth Circuit, 1967), the record showed totally inadequate preparation by the ac-

cused's court-appointed counsel of his only possible defense of insanity to be presented at the trial.

In Jones v. Cunningham, 313 F.2d 347 (Fourth Circuit, 1963), counsel was not appointed for the accused until the day before the trial and made no inquiry to determine whether there existed any valid defenses.

In Johnson v. United States, 328 F.2d 605 (Fifth Circuit, 1964), court-appointed counsel stated that he had neither time nor inclination to properly investigate and prepare for trial.

Brubaker v. Dickson, 310 F.2d 30 (Ninth Circuit, 1962), was a habeas corpus proceeding remanded for further proceedings to afford the petitioner an opportunity to support the allegations of his petition that he had been denied effective aid of counsel in that his court-appointed counsel failed to prepare for trial and that the prisoner's defense was withheld not through faulty judgment but in default of knowledge that reasonable inquiry would have produced.

In Roberts v. Dutton, 368 F.2d 465 (Fifth Circuit, 1966), counsel were appointed to represent the defendant in a capital case on the day of the trial. Only one conferred with the accused, for some forty minutes, and the trial evidenced a total lack of preparation on their part.

■ In the instant case there is no showing that any evidence was available which was not presented on behalf of appellant in his defense.

We are unable to agree that the mere statement by appellant's court-appointed counsel that he was " 'perhaps a little bit lax' " in not talking to appellant about the facts of the case until it was set for trial (a week before trial) shows ineffective assistance of counsel, as the record shows that up to that time appellant had insisted on entering a plea of guilty. Nor do we agree that because counsel brought out before the jury the fact that appellant had indicated a desire to enter a plea of guilty such action sustains appellant's contention that he was ineffective. The matter of entering a plea of guilty was in support of appellant's defensive testimony that he entered the house upon invitation of the prosecuting witness and that they afterward agreed, in order to protect her name, for him to enter a plea of guilty to the burglary charge and secure a suspended or probated sentence.

The failure of counsel to file any objections to the court's charge does not, under the record, show that he was ineffective.

■ As has been stated by this court and other courts, the constitutional right to counsel does not mean errorless counsel or counsel judged ineffective by hindsight (Fletcher v. State, Tex.Cr.App., 396 S.W.2d 393), "but counsel reasonably likely to render and rendering reasonably effective assistance" (MacKenna v. Ellis, 280 F.2d 592 (Fifth Circuit, 1960).

The judgment is affirmed.