Arlen Specter, Dist. Atty., City of Philadelphia, Philadelphia, Pa., for Edward J. Hendrick, Supt., Philadelphia Prisons.

**UNITED STATES of America ex rel. Henry LAWSON**

v.

**Edward J. HENDRICK, Superintendent, Philadelphia Prisons.**

**Misc. No. 4010.**

United States District Court
E. D. Pennsylvania.

Nov. 6, 1968.

## MEMORANDUM AND ORDER

JOHN W. LORD, Jr., District Judge.

Relator, Henry Lawson, was arraigned in January, 1967 on Bills of Indictment charging him with Larceny, Receiving Stolen Goods and Conspiracy. After the case was twice continued, relator was tried with a jury on March 28, 1967 in the Court of Quarter Sessions of Philadelphia County, was found guilty of Attempted Larceny only, and received a sentence of two years.

Relator now petitions this Court for a writ of habeas corpus on the grounds that he was denied effective assistance

of counsel and equal protection of the laws because counsel was appointed for him on the day the trial began and the trial court did not grant counsel a continuance to allow more time to prepare the case. Relator previously raised these same claims on direct appeal in proceedings before the Superior Court of Pennsylvania in which his conviction was affirmed *per curiam*, 211 Pa.Super. 764, 237 A.2d 611 (February 13, 1968). Thereafter, he filed a petition for allowance of appeal to the Pennsylvania Supreme Court which was denied *per curiam* (June 3, 1968).

The Commonwealth denies these claims and contends that relator was not prejudiced by the fact that his attorney was appointed shortly before trial or by the denial of that attorney's request for a continuance. Both parties agree that the controlling law is set forth in United States ex rel. Mathis v. Rundle, 394 F.2d 748 (3rd Cir.1968), which puts the burden on the Commonwealth of rebutting a presumption of injury to the defendant provided that defendant can on collateral attack establish "that the hasty appointment of legal assistance may have been inherently prejudicial to his trial by precluding him from the advantage of an adequately prepared defense". Id. at 753.

Consequently, a full hearing was held on this matter at which relator and his counsel from the original trial were present. Relator was represented by court-appointed private counsel at this hearing. The evidence concerning assistance of counsel at the trial which follows was brought out at this hearing, or revealed in the notes of testimony of the trial.

Prior to Thursday, March 23, 1967, relator was represented by Abraham Needleman, Esquire, and during that period relator was twice granted a continuance when his case was listed for trial (January 24, 1967 and February 24, 1967). Mr. Needleman had discussed the case briefly with relator and had conducted some investigation with respect to possible witnesses, but, when the case was listed for trial a third time on March 23, 1967, it was determined that he no longer represented relator. The Court therefore appointed Robert Ginsburg, Esquire, then of the Defender Association, to represent relator (at approximately 11:00 A.M.). Mr. Ginsburg was in the court room at that time as the Assistant Voluntary Defender attending the hearing of the Prison Waiver List for that week. Mr. Ginsburg's request for a continuance to allow him more time to prepare the defense was denied and relator now claims that this denial was prejudicial to him. The District Attorney's Office turned over to Mr. Ginsburg the Commonwealth's file on the case for his use during the midday recess.

At 2:00 P.M., Mr. Ginsburg again requested a continuance, and relator also claims that the denial of this request was prejudicial to him. The selection of the jury then took place, but there was no individual voir dire. The only voir dire conducted consisted of general questions to the members of the jury panel as a whole as to their understanding of burdens of proof and persuasion. Mr. Ginsburg discussed the case with relator for about 15 minutes prior to the selection of the jury and for another 15 minutes or so after the selection. Relator claims that the limited time for consultation prior to selection of the jury was prejudicial to him and rendered the assistance of counsel appointed for him ineffective, though counsel did discuss with him the question of whether or not to request a jury trial. In fact relator had stated before the midday recess that he did not want a jury trial, and after consultation with counsel asked for one in the afternoon. Since the following day, Friday, March 24th, was a holiday, and the trial judge had another assignment on the following Monday, the actual trial of the case was delayed until the following Tuesday, March 28th.

During the intervening period, Mr. Ginsburg conducted his own investiga-

tion of the case. Among other things, he went to the bank which was the scene of the alleged crime and looked over the physical layout. While there, he spoke to some of the bank officials. He also discussed the case with Bernard Segal, Esquire, of Mr. Needleman's office, and got the benefit of the information acquired by, and efforts of, that firm with respect to the case during the preceding months, while the case had been continued. Finally, he discussed the case for another half hour or more with relator on March 28th, before the beginning of the actual trial.

In light of the above evidence, this Court does not believe that relator received ineffective assistance of counsel, was denied equal protection of law, or was prejudiced in any way by the timing of appointment of his counsel or by the trial court's refusal of counsel's requests for a continuance. In this case, by the testimony of relator himself and his trial counsel, at the hearing, it is evident that relator had an opportunity to discuss his case with trial counsel for an hour or more prior to the actual trial. It is further evident that counsel had the opportunity to consult with prior counsel who had represented relator during the months preceding actual trial in which his case was continued. Finally, it is evident from the hearing that relator's counsel did have an opportunity, of which he availed himself, to investigate the case himself by visiting the scene of the alleged crime and making certain inquiries.

It should also be noted here that relator's trial counsel had no problem of investigating alibi witnesses, as the Commonwealth points out in its brief. Relator was apprehended at the scene of the crime alleged. Relator cannot be heard to argue that if counsel were given more time to prepare, he would have called relator's employer and that the latter could have given testimony tending to disprove the Conspiracy charge, since relator was acquitted of that charge. He cannot establish ineffective assistance of counsel by arguing that other counsel might have used other trial tactics, such as by calling defendant to the stand or calling character witnesses on his behalf, particularly where as here, the decisions of counsel in this regard were entirely reasonable, and probably advisable, in light of relator's prior criminal record. Finally, it should be noted here that relator's trial counsel testified at the hearing that he could think of no way in which relator was prejudiced by the time of his appointment.

For all the above reasons, this Court does not believe that relator's contentions that he was deprived of any of his Constitutional rights through ineffective assistance of counsel resulting in prejudice to his defense are supported by the evidence. Therefore relator's Petition for Writ of Habeas Corpus must be denied.