**UNITED STATES ex rel. Charles A. SANDERS, Petitioner,**

v.

**STATE OF OHIO et al., Respondents.**

**Civ. A. No. 67–15.**

United States District Court,
S. D. Ohio, E. D.

Aug. 13, 1969.

John H. Lewis, Columbus, Ohio, for petitioner.

Stephen M. Miller and Leo Conway, Asst. Attys. Gen., of Ohio, Columbus, Ohio, for respondents.

## OPINION AND ORDER

KINNEARY, District Judge.

Petitioner, a state prisoner, brought this action for a writ of habeas corpus under Title 28, United States Code, Section 2241. The Court held an evidentiary hearing because the material facts were not adequately developed in the state court proceedings. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963).

Petitioner alleges that he was denied the effective assistance of counsel, because counsel was not appointed until the day of his trial.

Petitioner was arrested in March, 1965. He appeared for a preliminary hearing on March 31, 1965. On April 27, 1965, petitioner was indicted on a

charge of white slave traffic in violation of Section 2905.21, Ohio Revised Code. One Evelyn Bailey retained William Green, Jr., an attorney, for the purpose of securing a reduction in the amount of bond which had been fixed for petitioner. Petitioner was thereafter released on bond, although the record does not show that a reduction in amount was secured.

While out on bond, petitioner contacted Oscar Kauffman, an attorney at law, with regard to representation at trial. Mr. Kaufman contacted Mr. Green, and the two agreed to serve as co-counsel if petitioner made payment of a part of their fee. Petitioner did not pay the required partial fee, consequently the proposed employment of Green and Kaufman by petitioner was never consummated. In August, 1965, Mr. Green informed the Mahoning County Prosecuting Attorney's Office that he did not represent the petitioner.

On September 21, 1965, Mr. Green received notice that he was to appear at trial on behalf of the petitioner at 9:00 A.M. on September 22, 1965. Mr. Green appeared the next day and explained to the Court that he did not represent the petitioner. However, the Court insisted that Mr. Green was the attorney of record and that he would have to proceed with the trial. Finally the Court ordered Mr. Green to defend the petitioner.

Mr. Green's background knowledge of the charge against petitioner was limited to and obtained by his representation of a Nellie Terry at a preliminary hearing who was in some manner involved in the events giving rise to the charge on which petitioner was tried. Miss Terry was subpoened to appear as a witness in petitioner's trial, but she did not appear as a witness, apparently because her testimony would not have been favorable to the petitioner. At the evidentiary hearing Mr. Green testified that:

[S]ome of the witnesses that I feel were necessary would have been people who were in Cleveland, because this traffic or this trial took place, or the

charges arose as a result of traveling between Youngstown and Cleveland, and there were witnesses that I felt that could have added to Mr. Sander's case whom I felt were in Cleveland at the time. (Tr 15)

Mr. Green further testified that he believed that if he could have gotten one or more witnesses to testify in petitioner's behalf he might have obtained his acquittal. (See Tr 21–22)

[T]hree members of this jury told me if Mr. Sanders had one witness to corroborate his testimony, they would have set him free. (Tr 25)

There is no testimony as to the identity of persons who might have testified had petitioner's attorney had adequate time to investigate, nor is there any testimony as to the content of their testimony. (Tr 51, 52)

Mr. Green also testified that he did not discuss the possibility of unlawful search and seizure with the petitioner, nor did he attempt to exclude from evidence any items which might have been the fruits of an unlawful search and seizure. However, there is no testimony to the effect that any illegally seized items were introduced in evidence. (Tr 41)

The respondent did not introduce a copy of the trial transcript into evidence at the evidentiary hearing, and the testimony of the witnesses is vague on several major points.

Only two witnesses testified at the evidentiary hearing: Mr. Green and the petitioner, Mr. Sanders. Their uncontradicted testimony must be taken as true, although the subject of much of their testimony was what transpired at trial and certain of the ambiguities might have been cleared up by the introduction of a transcript of those proceedings. The parties introduced as a joint exhibit, "Criminal Docket No. 45, Mahoning County, The State of Ohio vs. Charles A. Sanders, Case No. 22555, White Slave Traffic R.C. 2905.21."

The essence of petitioner's claim is that he was denied the effective assistance of

counsel in that an attorney was not appointed to represent him until the day of the trial and that appointment at such a late date is, in and of itself, a denial of the effective assistance of counsel.

In Underwood v. Bomar, 335 F.2d 783 (6th Cir. 1964), cert. denied 380 U.S. 921, 85 S.Ct. 917, 13 L.Ed.2d 805 (1965); Townsend v. Bomar, 351 F.2d 499 (6th Cir. 1965); and Davis v. Johnson, 354 F.2d 689 (6th Cir. 1967) the 6th Circuit has considered the question of whether a defendant is denied the effective assistance of counsel when counsel is appointed a short time before trial. In *Underwood*, although there was no showing of indigency, the trial court appointed counsel two days before trial. Counsel testified that they did as much over the weekend before trial as they could have accomplished in a month. At trial they advised the defendant to plead guilty. The Court held that the contention of appellants that they were not adequately represented by counsel was without merit. Underwood v. Bomar, *supra* 335 F.2d at 787.

In *Townsend*, the appellants were illiterate Negroes, twenty-one and nineteen years of age at the time of their conviction for rioting in a penitentiary. They were permitted to consult with their court appointed attorneys for only one to two hours before trial. The attorneys made no investigation nor any attempt to interview witnesses. The Court held that appellants were denied the effective assistance of counsel. The Court did not put on the appellants the burden of showing that an investigation would have furnished them with a defense:

> Whether an investigation of the facts at the prison farm would have produced results, no one could tell; certainly not at this late date [1965, the riot occurred in 1958]. Townsend v. Bomar, *supra* 351 F.2d at 501.

In *Davis* the petitioner alleged that his counsel had been forced to go to trial ten minutes after he had been retained. The Court held that the petition alleged a constitutional violation which merited an evidentiary hearing. Subsequently in a summary opinion the Court affirmed the District Court's determination that the allegations in the petition were not supported by facts. Davis v. Henderson, 376 F.2d 840 (6th Cir. 1967).

■ Two important questions are presented in these three cases. First, how soon before trial was the appointment of counsel made by the court, and, second, even though the time is short between appointment and trial, did the appointed counsel have adequate time for investigation and preparation?

■ In the instant case, counsel was not appointed until the very day and hour of trial. Due process requires that a defendant charged with having committed a felony be represented by counsel. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Moreover, adequate representation includes "thoroughgoing investigation and preparation." Powell v. Alabama, 287 U.S. 45, 57, 53 S.Ct. 55, 77 L.Ed. 158 (1932).[1] Petitioner's appointed counsel

---

1. The Court in *Powell* went on to state that the duty of a state court to appoint counsel "is not discharged by an assignment at such time or under such circumstances to preclude the giving of effective aid in the preparation and trial of the case." *Id.* at 71, 53 S.Ct. at 65.

Counsel for an indigent defendant should be appointed promptly. Counsel should be afforded a reasonable opportunity to prepare to defend an accused. Counsel must confer with his client without undue delay and as often as necessary, to advise him of his rights and to elicit matters of defense or to ascertain that potential defenses are unavailable. Counsel must conduct appropriate investigations, both factual and legal, to allow himself enough time for reflection and preparation for trial. An omission or failure to abide by these requirements constitutes a denial of effective representation of counsel unless the state, on which is cast the burden of proof once a violation of these precepts is shown, can establish lack of prejudice thereby. Coles v. Peyton, 389 F.2d 224, 226 (4th Cir. 1968). Also see United States ex rel. Mathis v. Rundle, 394 F.2d 748 (3d Cir. 1968).

had no time for investigation or preparation.

In United States ex rel. Davis v. McMann, 386 F.2d 611 (2d Cir. 1967) the Court pointed out that:

> A defendant may not through a deliberate process of discharging retained or assigned counsel whenever his case is called for trial subvert sound judicial administration by such delaying tactics. *Id.* at 618.

There is no evidence that petitioner intentionally sought to delay his trial by failure to obtain counsel or notify the Court of his inability to retain counsel.

As for the second factor, petitioner's appointed counsel, William Green, Jr. testified that there was a total absence of any available time for investigation and preparation.

■■ The Court holds that where, as in the instant case, counsel is not appointed for a criminal defendant until the very day of trial and such counsel's uncontradicted testimony is that the late appointment prevented him from adequately investigating and preparing the case, the defendant has been denied the effective assistance of counsel guaranteed him by the Sixth Amendment. See Townsend v. Bomar, 351 F.2d 499 (6th Cir. 1965); *cf.* Underwood v. Bomar, 335 F.2d 783 (6th Cir. 1964), cert. denied, 380 U.S. 921, 85 S.Ct. 917, 13 L.Ed. 2d 805 (1965); Davis v. Johnson, 354 F.2d 689 (6th Cir. 1967); Coles v. Peyton, 389 F.2d 224 (4th Cir. 1968); United States ex rel. Mathis v. Rundle, 394 F.2d 748 (3d Cir. 1968).

Whereupon, the Court determines that the petitioner's application for a writ of habeas corpus is meritorious and therefore the relief requested in the writ is hereby granted.

Accordingly, it is ordered that the petitioner be and he is hereby remanded to the Common Pleas Court of Mahoning County for such further proceedings as may be deemed necessary and proper in accordance with law.

It is further ordered that if no action be taken by the State of Ohio or the County of Mahoning within thirty (30) days after the filing of this Order, petitioner's release shall be final and unconditional.