**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ronald PRINCE, Defendant-Appellant.**

**No. 16028.**

United States Court of Appeals,
Seventh Circuit.

June 19, 1970.

John C. Hirschfeld, Champaign, Ill., Ronald Prince, St. Louis, Mo., for defendant-appellant.

Henry A. Schwarz, U. S. Atty., Jeffrey F. Arbetman, Jonathan J. Seagle, Asst. U. S. Attys., for plaintiff-appellee.

Before SWYGERT, Chief Judge, DUFFY, Senior Circuit Judge and FAIRCHILD, Circuit Judge.

DUFFY, Senior Circuit Judge:

Defendant, Ronald Prince, was indicted on February 23, 1966, for two violations of the Dyer Act. Count I charged that defendant transported in interstate commerce, a motor vehicle knowing that same had been stolen (18 U.S.C. § 2312). Count II charged that defendant received and concealed a stolen motor vehicle which was moving in interstate commerce knowing that such vehicle had been stolen (18 U.S.C. § 2313).

On March 1, 1966, defendant was arraigned and entered a plea of not guilty to each of the two counts. Defendant was represented by his court-appointed

counsel, Mr. Joseph Cohn. Thereafter, upon motion by the defendant, the trial date was continued from March 14, 1966 to April 27, 1966. Defendant's counsel filed a Motion to Suppress which was denied.

On April 27, 1966, the defendant requested and received another continuance, this time to May 4, 1966, on the ground that his principal witness was ill.

On May 4, 1966, the case was called for trial. Mr. Saul Cohn appeared and announced that his brother, Joseph Cohn, was engaged in the trial of a lawsuit in another city; that it was an important Jones Act case and that they were anticipating a verdict in excess of $100,000. It appeared that Saul Cohn was a member of the law firm headed by his brother, Joseph.

Requests were made for a further continuance, but the trial court denied such requests. It appeared that Joseph Cohn had intended to represent the defendant and had made preparations therefor. Saul Cohn had only several hours of preparation for this trial.

On the morning of the trial, but prior to the opening statements of counsel, and outside the presence of the jury, there was an extended conference between the Court and the defendant and Attorney Saul Cohn.

Although the defendant at first seemed to be reluctant to be represented by Saul Cohn, the following are extracts of the conversation between the defendant and the trial judge: .

"Deft. Prince: I will take Mr. Cohn.

The Court: Now, are you sure that is what you want?

Deft. Prince: Yes, sir.

The Court: Now, are you going to complain about it later on?

Deft. Prince: No, sir.

The Court: If things should happen to go in reverse?

Deft. Prince: No sir.

\* \* \* \* \* \*

The Court: That you wish to proceed with Mr. Saul Cohn, rather than Mr. Joseph Cohn?

Deft. Prince: That's right.

\* \* \* \* \* \*

Deft. Prince: Yes sir, I am satisfied. Let the record show I will go to trial with Mr. Saul Cohn and that I am completely satisfied.

\* \* \* \* \* \*

Deft. Prince: I am ready to proceed with Mr. Saul Cohn."

The jury found the defendant guilty on both counts. Attorney Saul Cohn and defendant *pro se* filed motions for a new trial. These motions were denied. Defendant was sentenced to three years' imprisonment on each count, the sentences to run concurrently.

■ On this appeal, defendant urges reversible error on the ground that he was denied the effective assistance of counsel. However, the timing of the appointment of counsel, considered alone, does not constitute a denial of defendant's rights to the assistance of counsel under the Sixth Amendment. United States ex rel. Mathis v. Rundle, 394 F.2d 748, 750 (3 Cir., 1968).

■ The burden of establishing the existence of prejudice is on defendant. United States v. Trigg, 392 F.2d 860, 862–863 (7 Cir., 1968), cert. den. 391 U.S. 961, 88 S.Ct. 1863, 20 L.Ed.2d 874 (1968).

Defendant cites United States v. Koplin, 227 F.2d 80 (7 Cir., 1955), for the proposition that the late appointment of counsel is *per se* prejudicial to the defendant. We do not so interpret the *Koplin* case. We also think the *Koplin* case is not controlling here.

The charge in *Koplin* was the willful and knowing attempts to defeat and evade federal income taxes. The issues there were complicated. The records involved were very complex. We there held that the action of the trial court requiring a trial of the issues on a few days' notice and ahead of many other

pending cases, after counsel had been led to believe that the case would not come on for trial in the near future, did deprive defendants of their constitutional right to the effective assistance of counsel.

Defendant urges that this Court abolish the requirement of the *Trigg* case that defendant must make a showing that the late appointment of counsel resulted in prejudice.

Contrary to defendant's argument, we do not think the *Rundle* case abolishes the requirement that defendant must establish prejudice due to the timing of the appointment of his counsel. At minimum, the defendant is required by *Rundle, supra,* 394 F.2d at page 752, to make a *prima facie* showing of prejudice resulting from the manner in which his counsel was appointed.

Defendant also relies on Releford v. United States, 288 F.2d 298 (9 Cir., 1961). However, the decision in *Releford* was based on the fact that defendant's counsel was unwilling to represent the defendant and that he was under no duty to accept the appointment. Such is an entirely different situation than the one facing us in the case at bar.

■ Here, the substituted defense counsel was from the same firm as that of the first appointed counsel, and he was entirely willing to undertake the defense. Counsel stated to the Court that he had gone over the file with his brother and partner. We hold that the defendant has shown no *prima facie* case of prejudice under the facts of the instant case.

Defendant points out four instances at the trial which he claims established prejudice to the defendant. Three of the four instances relate to the cross examinations of David Schwartz, Michael Schwartz and Willie Foggy. We have carefully examined the record as to these three instances and find no merit in the contention of the defendant that he was thereby prejudiced.

Defendant generally contends that the testimony of Jesse Rodgers, Jacquelin Ross, Eddie Mae Williams and Mattie Appleton was ineffective due to the limited opportunity of counsel to confer with them prior to their appearance.

We hold defendant has clearly failed to make any showing of prejudice in connection with the testimony of these witnesses.

■ The record in this case establishes quite clearly that the elements of effective assistance of counsel were present throughout the trial, and that defendant suffered no denial of his rights under the Sixth Amendment which resulted from the substitution of counsel.

The judgment of the District Court ordering a term of imprisonment of three years is affirmed. The denial of a motion of the defendant for a new trial is likewise affirmed.

Mr. John C. Hirschfeld of Champaign, Illinois, acted as court-appointed counsel in this proceeding. He has rendered valuable services and the Court wishes to express its appreciation for the manner in which he represented the appellant in this case.

Affirmed.