

Gerald L. Baliles, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This proceeding is before the court on a petition for a writ of habeas corpus filed *in forma pauperis* on June 5, 1968, by Lacy Hinton, a prisoner of the State of Virginia, pursuant to the provisions of 28 U.S.C.A. § 2241.

**Lacy HINTON, Petitioner,**

v.

**C. C. PEYTON, Superintendent Virginia State Penitentiary, Respondent.**

**Civ. A. No. 68-C-55-R.**

United States District Court
W. D. Virginia,
Roanoke Division.

July 23, 1968.

Petitioner is presently serving a twenty-eight year sentence following his conviction on July 18, 1944, in the Franklin County Circuit Court for robbery from the person with force and violence. Petitioner was convicted at the same time on a second count of kidnapping, and sentenced to ten years in prison to be served concurrently with the twenty-eight year term. Petitioner has completed serving the ten year term for kidnapping and is now complaining only of the robbery conviction. Petitioner alleges that he was denied effective representation by his court appointed counsel.

Petitioner did not appeal his robbery conviction but has subsequently sought a writ of habeas corpus in the state

courts, thereby exhausting his state remedies in compliance with 28 U.S.C.A. § 2254. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

The Circuit Court of Franklin County held a plenary hearing on November 8, 1967, to determine the facts in petitioner's state habeas corpus proceedings. At the hearing petitioner testified that his attorney in the robbery trial was appointed the day preceding the trial and that the attorney, Mr. Clyde H. Perdue, never saw petitioner or interviewed him except for approximately five minutes immediately preceding the trial. Petitioner further testified that Mr. Perdue advised him to plead guilty without inquiring as to whether petitioner had any possible witnesses, defenses, or alibis and that Mr. Perdue failed to investigate petitioner's prior mental history or to make any other investigation of the case.

Mr. Perdue was not so ignorant of the facts in petitioner's case as petitioner would lead the court to believe. There were two other companions involved with petitioner in the robbery. These two companions were tried for robbery on June 12, 1944, approximately one month before petitioner's trial. Mr. Perdue represented one of the co-defendants at the earlier trial, thereby gaining an intimate knowledge of the facts of the case. Thus, Mr. Perdue had investigated the facts of the robbery before ever consulting with petitioner.

Mr. Perdue testified at the habeas corpus hearing that petitioner offered no alibi or defense and did not suggest the name of any witness to aid in his defense; petitioner admitted this. Mr. Perdue testified that he could not remember specifically talking to petitioner before the robbery trial, explaining that he could not remember incidents having occurred twenty-three years ago, but stated that he was sure that before the trial he had talked to petitioner at the jail, "just like I know the sun will come up in the morning." Transcript of Habeas Corpus Hearing, p. 21.

Mr. Perdue explained that it was his best judgment to recommend that petitioner plead guilty. There seemed to be no question of guilt. Petitioner never denied his guilt either to the court or to his attorney, and the robbery victim positively identified petitioner as the man who held the gun during the robbery. Petitioner had escaped from the penitentiary when the robbery occurred, local feeling was aroused, and the possible penalty for the crime was life imprisonment or death. It seemed the best choice to Mr. Perdue, and apparently to petitioner on July 5, 1944, to plead guilty rather than take the risk of a greater sentence from a jury. Now, twenty-four years later when memories are vague or dimmed, petitioner seems to have changed his mind.

Petitioner testified that he was completely unfamiliar with court proceedings and blindly followed his attorney's advice to plead guilty, being totally ignorant of his rights. Petitioner's avowal of total ignorance is unconvincing in view of the fact that petitioner had experienced trials for felonies on two prior occasions, in December of 1943 and in January of 1944 respectively, both experiences occurring within seven months before petitioner's trial for robbery herein complained of.

Petitioner also points out that the record shows that his counsel was appointed only one day before the trial. There is some doubt whether this record discloses the true date the attorney was notified of his appointment. But assuming Mr. Perdue was notified only one day before the trial, the court finds that the short time in this case was not prejudicial to petitioner's rights. In Dawson v. Peyton, 359 F.2d 149 (4th Cir.1966) the court appointed an attorney to represent the indigent defendant on the morning of the trial. The Court of Appeals held that under the particular facts and circumstances nothing was to be gained by continuing the case and that holding the trial on the same day of counsel's appointment was not prejudi-

cial under the facts of that case. In the case at bar, Mr. Perdue was well informed on the facts; petitioner never denied his guilt either to the court or to his attorney; Mr. Perdue in his best judgment thought petitioner should pray for the leniency of the court to avoid the risk of a jury trial; petitioner offered no alibi, witness or explanation in his defense; and it appeared that nothing could be gained by a continuance. The court finds that petitioner was not prejudiced by the appointment of his attorney on the day before the trial.

Petitioner also complains that his attorney never investigated his mental history and in support of this position, cites Peyton v. Alexander, 208 Va. 129, 155 S.E.2d 343 (1967). In *Alexander* the petitioner had been discharged from the United States Army because of mental illness and had received mental treatment for about one year thereafter. The attorney in *Alexander* was appointed the day of the trial and never learned of the petitioner's prior mental history. In the case at bar petitioner had no prior or subsequent history of mental illness so there was no reason for Mr. Perdue to investigate petitioner's mental health. Peyton v. Alexander, supra, is factually distinguishable from the case at bar, and the court finds there was no evidence to suggest to Mr. Perdue or to the court that petitioner was suffering from a mental illness.

Petitioner must prove by a preponderance of the evidence that his constitutional rights were denied. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). The court finds that petitioner's story is uncorroborated and contradicted. Petitioner has not sustained the burden of proof, and the court denies the petition and refuses the writ of habeas corpus.

For the reasons stated in the opinion and upon mature consideration of the facts relied upon by petitioner in the case at bar, the court finds that petitioner was effectively represented by counsel and was not denied any constitutional right in his trial before the Franklin County Circuit Court.

Therefore, it is hereby adjudged and ordered that the petition for habeas corpus be and hereby is denied.