**366**

**Roy COE, Petitioner,**

v.

**C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Respondent.**

**Civ. A. No. 67–C–14–C.**

United States District Court
W. D. Virginia,
Charlottesville Division.

Aug. 9, 1968.

———◆———

Gerald L. Baliles, Asst. Atty. Gen., Richmond, Va., for respondent.

Opinion and Judgment

DALTON, Chief Judge.

This proceeding comes before the court on a petition for a writ of habeas corpus filed *in forma pauperis* on August 17, 1967, by Roy Coe, pursuant to the provisions of 28 U.S.C.A. § 2241.

Petitioner was convicted on December 5, 1960, in the Circuit Court of Albemarle County, Virginia, for breaking and entering the home of one George Quelch. He was sentenced to three (3) years in the State Penitentiary to be served consecutively to other sentences then pending, which three (3) year sentence will not begin to run until 1969.

Petitioner has not sought a writ of habeas corpus in the state courts of Virginia. But any action in the state court would have been to no avail as the law in Virginia before the filing of this petition was to the effect that no sentence could be attacked by habeas corpus proceedings before the sentence was being served. Rowe v. Peyton, 383 F.2d 709 (4th Cir. 1967). Effective June 28, 1968, the law in Virginia has been amended by the State Legislature to permit the use of habeas corpus proceedings to challenge a future sentence. However, proceedings were commenced in this court prior to the effective date of the Virginia amendment, and the court held a plenary hearing in the matter on April 22, 1968. Thus the court accepted jurisdiction of the matter in compliance with 28 U.S.C.A. § 2254 before the remedy of habeas corpus was available to petitioner in the state courts and having held a full plenary hearing and completed the necessary proceedings in the case, the court will retain jurisdiction to decide the matter.

Petitioner's only complaint is that he was denied the effective assistance of counsel in his trial before the Albemarle County Circuit Court.

█ The order of the court appointing William S. Aaron, Jr., to represent petitioner was dated December 5, 1960, the same date as the trial. Petitioner contends that his court-appointed counsel was appointed too late to have sufficient time to adequately investigate the case. Petitioner contends that the order appointing Mr. Aaron to defend petitioner proves that counsel was appointed

the day of the trial, thereby providing insufficient time to adequately investigate the facts. Petitioner refers the court to Fields v. Peyton, 375 F.2d 624 (4th Cir. 1967) to support his contention that the appointment of counsel on the day of trial constitutes a prima facie case of ineffective counsel. The court agrees that Fields v. Peyton, supra, supports that statement of law. The burden is on the State to rebut such a prima facie case. But the date of the attorney's appointment is only prima facie proof and not conclusive, and what constitutes a reasonable time for investigation and preparation varies with the facts and circumstances in each case. United States v. Ray, 351 F.2d 554 (4th Cir. 1965). In Dawson v. Peyton, 359 F.2d 149 (4th Cir. 1966) the court appointed an attorney to represent the indigent defendant on the morning of the trial. The court of appeals held that under the particular facts and circumstances of that case nothing was to be gained by continuing the case, and the appointment of counsel on the morning of the trial day was not prejudicial. Also see Hinton v. Peyton, 287 F.Supp. 363 (W.D.Va.1968).

▌ Although the order appointing Mr. Aaron to defend petitioner was dated the same day of the trial, the Commonwealth's Attorney of Albemarle County, Mr. Downing L. Smith, testified at the plenary hearing that it was customary to show the appointment of counsel on the day of the trial in many cases where counsel was notified prior to that date. Mr. Aaron did not testify at the plenary hearing because he was deceased. Mr. Smith also testified that his notes indicate that Mr. Aaron was actually appointed at the Albemarle Circuit Court's docket call on November 28, 1960; Mr. Smith further testified that he talked to Mr. Aaron about petitioner's case before the trial. It is doubtful whether the record showing Mr. Aaron's appointment on the day of the trial is a true indication of the date Mr. Aaron was actually notified. However, assuming Mr. Aaron was appointed on December 5, 1960, the evidence shows that there was no prejudice to petitioner in his representation by counsel. Mr. Aaron represented petitioner earlier that morning in the Corporation Court in Charlottesville and was familiar with petitioner. Petitioner admits that he offered no witnesses or alibi in his defense. He never advised counsel that he was not guilty. He agreed to plead guilty and did so voluntarily. The Commonwealth's Attorney and the officer who arrested petitioner both testified that Mr. Aaron talked to them about the petitioner's case before the trial. Without the benefit of Mr. Aaron's testimony, it is impossible to determine the true extent of his investigation. However, apparently he was satisfied that there was no reason to postpone the trial. The trial was held on the first day of the court's term, and the practice in the court at that time was that a trial on the first day of the term was held only on a plea of guilty and at petitioner's request. Apparently petitioner and counsel were both convinced that nothing could be gained by a later trial date or a continuance. Mr. Aaron was an able and experienced attorney of long tenure at the bar.

After hearing the evidence presented at the plenary hearing, the court feels that petitioner was given a fair and adequate representation in his trial before the Albemarle Circuit Court. Mr. Aaron was familiar with petitioner and the facts of the case. His advice to petitioner to plead guilty and pray for the mercy of the court was well justified by the facts. Counsel's strategy of pleading guilty was apparently successful in view of the relatively light sentence of three (3) years. Petitioner voluntarily followed his counsel's advice to plead guilty. He received a fair trial with due process and all of his constitutional rights were protected.

For the reasons stated in this opinion and upon mature consideration of the facts relied upon by petitioner in the

case at bar, the court finds that petitioner's allegation is without merit.

Therefore, it is hereby adjudged and ordered that the petition for habeas corpus be and hereby is denied.

The clerk is directed to certify copies of this opinion and judgment to the petitioner and to the respondent.