**UNITED STATES of America ex rel.
David WHITTEN, Appellant,**

v.

**Warren PINTO, Superintendent Rahway
State Prison Farm, Rahway, New
Jersey, Appellee.**

**No. 17189.**

United States Court of Appeals
Third Circuit.

Submitted Feb. 7, 1969.

Decided March 4, 1969.

David Whitten, pro se.

Matthew J. Scola, Asst. Prosecutor, Newark, N. J. (Joseph P. Lordi, County Prosecutor of Essex County, Newark, N. J., on the brief), for appellee.

Before HASTIE, Chief Judge, and GANEY and SEITZ, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Appellant, a state prisoner, appeals the district court's denial without an evidentiary hearing of his request for a writ of habeas corpus. Although appellant raised several issues before the district court, on this appeal he challenges only the correctness of the determination that his federal constitutional right to effective representation by counsel was not violated. The district court made this determination from an examination of the state trial transcript. No question of exhaustion of state remedies is involved.

Appellant alleges that several months before trial he requested the state court to appoint counsel for him and that such counsel was not "assigned" until the day of trial. He further asserts that his counsel contacted him for the first time directly before the opening of the trial and that their consultation lasted for no longer than twenty minutes. He contends that the inadequacy of the time given him to consult counsel before deciding whether or not to waive a jury trial[1] and counsel's lack of time to prepare a defense deprived him of his constitutional rights.

■■ We cannot find in the record, which includes the state trial transcript, any official indication of the date of the appointment of appellant's counsel in the state criminal proceedings. It is important to establish this fact because it may determine whether, as appellant contends, there was a belated appointment of counsel. This court has recently held that, where it is found that the appointment of counsel was belated, the burden rests upon the State to establish by appropriate means that the defendant was not prejudiced thereby. United States ex rel. Mathis v. Rundel, 394 F.2d 748 (1968); United States ex rel. Chambers v. Maroney, 408 F.2d 1186 (Jan. 22, 1969). Since the district court did not have the benefit of these cases, we think it is appropriate here to vacate the judgment and remand the matter for a determination of the issue raised on appeal after the record is appropriately supplemented.[2]

■ We note that appellant has also made the related contention that he had inadequate consultation with counsel. He asserts that the consultation only related to the decision as to whether to waive a jury trial and that there was no private consultation with regard to the issues of the case. Appropriate disposition of this contention must also be made by the district court.

The judgment of the district court will be vacated and the matter remanded for proceedings consistent with this opinion.

1. Appellant signed a written waiver and, when questioned by the State trial judge, said that he understood the consequences thereof.

2. We need not here decide whether the application of the belated appointment rule involves factors other than the time lapse between appointment of counsel and trial; e. g., the nature of the charges and the types of defenses involved.