**UNITED STATES of America ex rel. Owen BAGLEY**

v.

**Alfred T. RUNDLE, Supt.**

**Misc. No. 69–286.**

United States District Court, E. D. Pennsylvania.

April 3, 1970.

---

Owen Bagley, in pro. per.

Ralph C. D'Iorio, Asst. Dist. Atty. of Delaware County, for Alfred T. Rundle.

## MEMORANDUM AND ORDER

BODY, District Judge.

Relator seeks a writ of habeas corpus on the ground that (1) he was denied the effective assistance of counsel at the trial stage of his state court prosecution, and (2) his guilty plea was not voluntarily and intelligently made.

Owen Bagley was indicted on March 7, 1968 in the Criminal Courts of Delaware County, Pennsylvania, on charges of robbery and other related offenses.[1] He was arraigned and pled not guilty on the same day, at which time trial was scheduled for March 27, 1968. On the latter date relator changed his plea to Indictment No. 610 to guilty and the remaining indictments were ordered nolle prossed upon payment of costs.

Immediately following relator's change of plea on March 27, 1968, a hearing was held at which three witnesses were called by the Commonwealth. At the conclusion of that hearing the court imposed a sentence of from five to ten years imprisonment.

Relator thereafter filed a direct appeal to the Superior Court of Pennsylvania which resulted in a per curiam affirmance of the judgment on November 1, 1968. On January 24, 1969 a petition for allowance of appeal was denied by the Supreme Court of Pennsylvania.

The present petition was filed with this Court on June 11, 1969. In due course we directed the District Attorney of Delaware County to show cause why the requested relief should not be granted. Based upon his answer and our review of the state court record, we held two evidentiary hearings concerning the

---

1. Bills of Indictment Nos. 609–612, March Sessions, 1968.

voluntariness and effective assistance of counsel issues. The Court has subsequently given careful consideration to the transcript of those hearings, the evidence presented, and all other pertinent documents, with the result that we think the matter now ready for disposition.

*Ineffective Assistance of Counsel*

With respect to this issue relator contends that he never saw or spoke with counsel until minutes before his change of plea. During that single conversation, counsel is alleged to have insisted that relator plead guilty. While the latter claims to have resisted counsel's initial urgings, relator admits that he finally acquiesced in a change of plea. Relator also asserts that he was not informed by counsel of his right to a jury trial. Such information, it is alleged, would have made a difference in his decision to plead guilty. Counsel is finally alleged to have stated his unwillingness to defend relator on a plea of not guilty because of his belief that there was no possibility of acquittal.

The Commonwealth has drawn our attention to the Public Defender's file which indicates that Mr. McFadden, a non-attorney investigator of that office, interviewed relator at Broadmeadows Prison on January 25, 1968 to determine whether the Public Defender should accept the appointment to represent him. At that time Bagley's version of the facts was recorded for later use by the Public Defender. Moreover, the state court records show that relator was represented at his arraignment on March 7, 1968 by Mr. Evans of the Public Defender's Office. He was subsequently represented by the same attorney at both his re-arraignment and sentencing on March 27, 1968.

In addition, Mr. Evans testified that he was present and represented the relator at his arraignment on March 7, 1968. He further testified that about a week before the change of plea occurred, he reviewed the statement taken by Mr. McFadden and discussed it with Bagley. Mr. Evans indicated he advised relator to plead guilty because he had no defense to the charges against him.

Based upon the time of counsel's appointment and the effort expended in investigating the case, we find that relator has not presented even a prima facie case of the ineffective assistance of counsel. United States ex rel. Mathis v. Rundle, 394 F.2d 748 (3d Cir.1968); United States ex rel. Whitten v. Pinto, 407 F.2d 852 (3d Cir.1969); United States ex rel. Chambers v. Maroney, 408 F.2d 1186 (3d Cir.1969); United States ex rel. McKnight v. Rundle, 301 F.Supp. 238 (E.D.Pa.1969). This aspect of the petition is therefore without merit.

*Voluntariness of Guilty Plea*

Many of the facts relating to the prior issue are relevant to the voluntariness of relator's guilty plea. Bagley contends that he was never informed of his right to a jury trial and that the conduct of his counsel amounted to coercion of his guilty plea.

Judge Adams of our Circuit Court of Appeals recently summarized the law with regard to the issue of voluntariness in United States ex rel. Fear v. Com. of Pa., 423 F.2d 55 (3d Cir., 1970). He there stated:

"In pre-*Boykin* [Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. 2d 274] (decided June 2, 1969) cases where there had been no appropriate on-the-record inquiry, the burden of proving that a guilty plea was voluntarily and understandingly entered has been held to be on the prosecution." at 56.

In the present case an on-the-record inquiry was conducted by the trial judge. It touched upon the maximum permissible sentence, relator's right to appeal any sentence imposed, and the subject of inducements.[2]

We need not be concerned with the sufficiency of this inquiry, for the prosecution has presented other evidence

---

2. Change of Plea Transcript, p. 3.

which establishes that the change of plea was made voluntarily and intelligently. As previously mentioned, the state court records show that relator was represented at his initial arraignment by Mr. Evans. About a week before the scheduled date for trial, Mr. Evans reviewed the statement taken by Mr. McFadden and thereafter discussed its contents with relator. There is credible testimony to the effect that Bagley was specifically questioned concerning the truthfulness of the facts as he recited them, and he acknowledged them to be correct. Mr. Evans also questioned relator at length to determine whether there were additional facts which might give rise to any one of a number of defenses. He found no such facts. Based upon these discussions, Mr. Evans communicated to relator the advice that he enter a plea of guilty.

Relator's contention that the only conversation he had with Mr. Evans was for a few moments prior to his change of plea does not convince us that the guilty plea was entered either involuntarily or unintelligently. The error present in other statements made by the relator causes us to doubt his credibility and capacity to recall correctly what happened. Moreover, we believe that relator was sufficiently familiar with the law as it related to the facts of his case to choose intelligently from among the available alternatives. Relator's assertion that he was unaware of his right to trial by jury is also unpersuasive. Mr. Evans testified that it was his practice to inform every defendant of his right to a jury trial and he was sure he had done so in this instance. In addition, we cannot fail to notice relator's long history of previous convictions and the awareness, undoubtedly created by this record, of such a fundamental constitutional right as that of trial by jury.

With regard to the allegedly coercive effect of counsel's advice, we need only say that relator has failed to show anything more than a conscientious effort on the part of his counsel to point out the obvious advantages to him in entering a guilty plea. That, without more, does not constitute coercion.

Further, the Court would like to thank Eugene H. Evans, Esquire, presently of the Finance Corps of the United States Army, for freely giving of his time to testify in this matter. His testimony has been of great help to the Court in determining the facts relevant to the matter in issue.

For the foregoing reasons, relator's petition for a writ of habeas corpus will be denied.