STATE of Maine

v.

John C. RASTROM.

Supreme Judicial Court of Maine.

Jan. 27, 1970.

Alexander A. MacNichol, Asst. County Atty., Portland, for the State.

Thomas Brand, Portland, for defendant.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, DUFRESNE and WEATHERBEE, JJ.

WEBBER, Justice.

This appeal from a conviction for the offense of uttering a check in the amount of $49.50 comes to us on an agreed statement of facts. The sole issue presented is whether or not the denial by the Superior Court of a motion for continuance constituted an abuse of discretion.

On October 1, 1968 appellant was presented for arraignment in the District Court. Being found to be indigent, he was afforded the services of court appointed counsel. The appointed attorney, a highly competent and experienced practitioner, carefully guided appellant through the preliminary proceedings in the District Court. While awaiting grand jury consideration in the Superior Court, appellant summarily dismissed his assigned counsel, declared that no lawyer in the county would be acceptable to him, and indicated his intention to conduct his defense without counsel. Appellant was indicted January 13, 1969. On February 7, 1969 appellant wrote a letter to a resident Justice of the Superior Court in the county where the indictment was pending. The record does not disclose the purpose or content of this communication. The Justice who received appellant's letter arranged for appellant to be visited at the county jail by Thomas Brand, Esq., an attorney employed by Pine Tree Legal Assistance, Inc. Mr. Brand conferred with

appellant on February 13 and again on February 17, 1969 and, as requested by the Justice of the Superior Court, advised appellant of his right to court appointed counsel. Appellant remained firm in his decision to represent himself. The trial was assigned on the court calendar to commence on February 17, 1969. At 10 A.M. on that day appellant was presented in court and restated his intention to proceed without counsel. The presiding Justice then advised him of the wisdom of accepting assigned counsel. Appellant then named an attorney who would be acceptable to him but the presiding Justice explained that this attorney was engaged in another county and not available to conduct appellant's trial. The Justice then suggested the appointment of Mr. Brand and appellant consented. Mr. Brand then requested time for preparation and the case was continued until 2 P.M. At the direction of the Court, the county attorney made his file available to Mr. Brand. The latter had earlier been present while the county attorney interviewed two of the State's witnesses. At 2 P.M. Mr. Brand renewed his request for continuance to permit him "to make an independent investigation of the facts, to examine and research the law, to peruse the list of jurors, to confer with (his) client, to consult, and to reflect." This motion was denied. The case was then tried before a jury and appellant was adjudged guilty. Thereafter Mr. Brand seasonably filed a motion for new trial on behalf of appellant supported by counsel's affidavit in essence reciting the foregoing facts. This motion was denied and an appeal was taken.

It should be noted at the outset that this record contains no transcript of the evidence taken at the trial. Appellant does not direct our attention to any specific occurrences at trial which would suggest that he was prejudiced or that his counsel was disadvantaged by lack of preparation. Nor does he suggest any effective defensive steps which might have been taken in his behalf but which were omitted because of the time available to counsel for preparation. His sole contention is that the shortness of time in and of itself raises a presumption of prejudice requiring a new trial.

We are reluctantly compelled to take note of the fact that the office of the County Attorney of Cumberland County has failed to provide us with either written or oral argument in this case. It is indeed a matter of serious concern when the public is not represented by its elected officials in the presentation of argument in the Law Court upon an important legal issue, novel in this jurisdiction, but which has engaged the attention of both state and federal courts. We are unable to conceive of any valid excuse for such inattention to public responsibility.

At the outset we deem it significant that appellant's persistent refusal to accept the services of court appointed counsel produced the situation of which he now complains. As early as October 1, 1968, 4½ months before trial, appellant was represented by an attorney skilled and experienced in the preparation and trial of criminal cases. No reason whatever is shown for his abrupt dismissal of his counsel or his injudicious decision to act in his own behalf. His stubborn insistence upon a position inimical to his own interests persisted until the very moment when his case was scheduled for trial. We can fairly assume that a jury was then in attendance at great public expense and other important matters on the docket were being delayed while the appellant decided whether or not he would consent to being represented by assigned counsel. It was in this setting that the Court was required to determine what further delay he could properly permit, having in mind the proper and effective functioning of the Superior Court.

Courts faced with this problem have not hesitated, to take account of the fact that delay is solely the fault of a respondent. In Ungar v. Sarafite (1964) 376 U.S.

575, 84 S.Ct. 841, 850, 11 L.Ed.2d 921 the Supreme Court said:

> "The court denied the motion for adjournment, being of the view that Ungar *had been afforded sufficient time to hire counsel who would be available* at the time of the scheduled hearing. We cannot say that this decision, in light of all the circumstances, denied petitioner due process." (Emphasis ours).

In Neufield v. United States (1941) 73 App.D.C. 174, 118 F.2d 375, 383, (cert. den. 315 U.S. 798, 62 S.Ct. 580, 86 L.Ed. 1199) on facts bearing some similarity to those in the instant case, the court found no abuse of discretion. Counsel who had acted for defendant (Flynn) only for a special purpose was appointed by the court to defend him on the merits on the day the trial commenced. The court commented at length on the effect of the inaction of Flynn over an "extended time" with respect to either retaining counsel or securing an appointment by the court. The court noted that there "was no particularization of any way in which his defense could have been presented more adequately had a continuance been granted."

The same emphasis was placed on the inaction of the defendant for a period of almost three months in Bolin v. State (1950) 209 Miss. 866, 48 So.2d 581.

■ Upon review of discretionary rulings, we have always required that the person claiming to be aggrieved thereby demonstrate that he has been prejudiced. "There must be 'palpable error' or 'apparent injustice' to make a discretionary ruling reviewable. * * * The right of exception arises only where there is clear abuse of discretion *and the burden to prove such abuse rests on him who alleges it."* (Emphasis supplied). State v. Hume (1951) 146 Me. 129, 134, 78 A.2d 496. "The granting of a continuance in a criminal case based upon want of time to prepare a defense rests in the sound discretion of the presiding justice." State v. Wardwell (1962) 158 Me. 307, 310, 183 A.2d 896.

In State v. Carll (1965) 161 Me. 210, 214, 210 A.2d 680 we had occasion to consider some of the factors which make for a proper exercise of discretion. There we said:

> "A presiding justice must maintain control of his docket if there is to be an orderly disposition of litigation. Whether or not a case is to be continued from term to term is within the sound discretion of the court and in a given case we look only to see if there has been a clear abuse of that discretion. The test is whether the granting or denying of a continuance is 'in furtherance of justice.'"

In Carll we had the benefit of the trial record from which we could determine "that court appointed counsel conducted the defense with skill and competence." Assessing the conduct of the respondent, we said:

> "He failed for approximately a month to take reasonable and adequate steps to prepare for a trial which he knew to be imminent. A criminal respondent is ordinarily entitled to employ counsel of his own choice but that does not mean that the operation of the court must be adjusted to conform to his whim or preference."

We recognize that in addition to determining whether any abuse of discretion has been shown, we must also satisfy ourselves that appellant has not been deprived of his constitutional right to effective representation by counsel. The leading case of Avery v. State of Alabama (1940) 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 involved a charge of murder. Counsel was appointed on March 21, 1938, the day of arraignment. Trial commenced on March 24, 1938. The Court examined the "particular circumstances appearing in this record" and found no "indication * * * (counsel) could have done more had additional time been granted." The Court stated, "Since the Constitution nowhere specifies any period which must intervene

between the required appointment of counsel and trial, the fact, standing alone, that a continuance has been denied, does not constitute a denial of the constitutional right to assistance of counsel."

The presiding Justice may properly take into account the nature of the criminal charge to be tried, and whether or not the factual and legal issues appear to be relatively simple or complicated. In Commonwealth v. Chavis (1947) 357 Pa. 158, 53 A.2d 96, 100 (cert. den. 332 U.S. 811, 68 S.Ct. 104, 92 L.Ed. 389) the court recognized that in testing the propriety of a denial of continuance where the claim is lack of adequate time for preparation, it is proper to take into account "the nature of the crime and the circumstances attending it" and whether or not there are present "complicating incidents" which would require more time for preparation. Absent such complications "a speedy trial could and should be had." In State v. Sultan (1906) 142 N.C. 569, 54 S.E. 841, 842, where defendant's counsel was given four hours for preparation before trial began, the court noted that the trial court "knew all the attendant circumstances and what was required by the public interest more fully than this court can know them. There is nothing to indicate that the defendant was prejudiced."

In Caswell v. Commonwealth (1941) 285 Ky. 394, 147 S.W.2d 1045, the court took into account (1) the fact that for two months the defendant took no steps toward preparation of his defense, (2) that the trial did not present any complicated situation, and (3) that there was no showing of any prejudice to defendant's rights by a denial of a continuance. The court said, "The affidavit lacks statements of any facts which would tend to convince this, or the trial court that anything more could have been done on behalf of the accused than was done. The matter involved, and the trial, did not present any complicated situation or one which could have been improved, in so far as is disclosed, by allowing more time. * * * We have written in many opinions that a judgment in a criminal case will not be reversed unless there be a showing that a new trial would permit a better or more complete defense to have been prepared, and that the failure was due to causes not of the one seeking the relief."

Finding no abuse of discretion, the court in Torres v. United States (1959) 9 Cir., 270 F.2d 252 noted that (1) the lack of time for preparation was the fault of the defendant, and (2) the trial record showed the case to have been well tried.

We are aware that the Fourth Circuit has evolved a rule which on its face appears to raise a presumption of prejudice from a mere showing of brevity of time for preparation. Martin v. Commonwealth of Virginia (1966) 4 Cir., 365 F.2d 549; Twiford v. Peyton (1967) 4 Cir., 372 F.2d 670. The Third Circuit adopted the same rule in United States v. Rundle (1968) 3 Cir., 394 F.2d 748, 753. Yet from an examination of these cases it is not clear as to precisely what is required to raise the presumption. In Martin the court had before it the trial record and was able to identify three areas in which counsel with an adequate opportunity for preparation might have pursued a different course of action. It is by no means certain that the court would reach the same result in a case where it was furnished no information as to what transpired at trial or where it was evident that the brevity of preparation time was primarily the fault of the defendant.

In Rundle the court stated its understanding of the Fourth Circuit rule in these terms:

"Should the trial court fail to appoint counsel sufficiently in advance of trial to prepare defendant's case in a reasonably thorough manner, and should defendant on collateral attack establish a prima facie case that the hasty appointment of legal assistance may have been inherently prejudicial to his trial by precluding him from the advantage of an adequately prepared defense, then it follows logical-

ly that the state should bear the brunt of rebutting the presumption of injury inherent in its skimpy compliance with the sixth amendment command."

What constitutes a "prima facie case" within the meaning of the rule, however, is not free from doubt in view of the fact that the Rundle court held that the fact that counsel was appointed on the "eve of trial," had no opportunity to talk with the defendant and only half an hour to confer with defense witnesses did not constitute the "prima facie case" required to raise the presumption of prejudice.

We are not persuaded that there are compelling reasons for departing from our traditional rule requiring some proof of actual prejudice. If prejudice occurs, it will frequently become apparent upon an examination of the trial record. It is not unreasonable to require some affirmative indication of the nature of the adverse consequences of inadequate time for preparation. If, for example, additional witnesses would have been called if counsel had known of them, it is a relatively simple matter to demonstrate the identity of such witnesses and the substance of the testimony they would have given. We are satisfied in any event that cases involving adequate opportunity for preparation must be decided on a case by case basis and ordinarily the trial record should be available for scrutiny by the appellate court.

█ In the instant case we find no basis for finding any abuse of discretion. A defendant who for 4½ months has resisted all efforts of the court to provide him with legal assistance and has done nothing to further the preparation of his defense cannot expect or require the court to disregard the requirements of the docket in order to afford him special consideration. A charge of uttering a small check would ordinarily involve uncomplicated issues of fact and law. The presiding Justice obviously so regarded this case and in the absence of any indication to the contrary, we assume that his judgment in this respect

was sound. By denying the motion for a new trial, the Justice below manifested his opinion that the case was well and fully tried and that the defense would be no stronger upon a new trial. There is no suggestion or intimation in the material presented to us that this was not the case.

Appeal denied.

POMEROY, J., did not sit.

WILLIAMSON, Chief Justice (dissenting).

I would sustain the appeal.

In my opinion the Court should not have compelled the defendant to go to trial without a further continuance.

Counsel for the defendant, an indigent, was appointed by the Court at ten o'clock in the morning. Trial was scheduled for two o'clock in the afternoon on the same day. At two o'clock in the words of the Court's opinion counsel "renewed his request for continuance to permit him 'to make an independent investigation of the facts, to examine and research the law, to peruse the list of jurors, to confer with (his) client, to consult, and to reflect.' This motion was denied."

I reach my conclusion without consideration of the merits of the case. Guilt or innocence is not here in issue. The test is not whether further time for preparation would necessarily have benefited the defendant.

The Court appointed counsel says in substance that he does not know what he could have accomplished for the defendant by a continuance but that he was entitled to have an opportunity to try to do so. In short, he contends that the defendant was deprived of his constitutional right to the effective assistance of counsel.

The Maine cases cited in the opinion of the Court in my view may be distinguished on the facts from the case before us. In

State v. Hume, 146 Me. 129, 78 A.2d 496, prejudice from publicity was the issue. In State v. Wardwell, 158 Me. 307, 310, 183 A.2d 896, 899 the Court said:

"At the hearing on the motion for continuance no mention was made in respect to any inability of the respondent's counsel to proceed with the trial."

and in State v. Carll, 161 Me. 210, 214, 210 A.2d 680, 682 in which counsel was appointed five days before trial, the Court said:

"The respondent seeks to raise constitutional issues related to the right to counsel but no such issues are presented on these facts. As already noted, he was at his trial represented by a reputable and experienced attorney who has since become the Attorney General of the State of Maine and who at no time claimed any disadvantage in preparing his case."