### STATE of Maine

v.

### Byron G. SMITH.

Supreme Judicial Court of Maine.

Aug. 19, 1970.

William H. Clifford, Jr., Auburn, for plaintiff.

John C. Orestis, Lewiston, for defendant.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, DUFRESNE, WEATHERBEE, and POMEROY, JJ.

WEATHERBEE, Justice.

Defendant appeals from a judgment of guilty entered against him following a jury verdict at the September, 1968, Term of the Androscoggin County Superior Court. He was found to be indigent and new counsel was appointed to represent him on appeal. He raises on appeal several issues which will be considered separately.

He contends first that the Presiding Justice should have granted his motion to dismiss made at the conclusion of the testi-

mony and that the evidence did not support the verdict of guilty.

The testimony presented by the State disclosed that on February 23, 1968 at about 12:45 A.M. a Lewiston police officer checked the door of a store at the corner of Middle and Main Streets in Lewiston known as the Union Square Travel Bureau and found it to be secure and intact. About ten minutes later he returned to the area to check another business establishment on Middle Street when he heard a "banging" noise coming from the direction of Main Street. Looking in that direction he saw the silhouette of a man leaning against the Travel Agency door and moving his arms back and forth. The officer started to run toward the corner. When an automobile approached the scene, the man started to walk rapidly away. Then he saw the officer and started to run. He stopped at the officer's command and tried to conceal an object in his hand which turned out to be a fourteen inch pinch bar. The officer took the pinch bar from the man (whom he identified as the Defendant). He then searched the Defendant and found in his pocket a screwdriver with a 5″ blade. He took the Defendant by the arm and started walking toward the police call box at the corner of Main and Lisbon Street and as he passed the Travel Agency, the officer looked at the door and saw that weather stripping had been pulled away and was now protruding from the door and that there were now chips of metal gone from the door.

One of the owners of the building testified that the door was locked and intact when he locked it the night before and that the Defendant had no permission to enter the store that night.

The Defendant offered no evidence.

The testimony constituted circumstantial evidence from which the jury could properly have concluded that at the time the officer first observed Defendant he was in the act of prying the door of the store in an attempt to break into the store. The jury could properly infer that his intent was to steal property which was in the store. The Presiding Justice was not in error in not granting Defendant's motion for dismissal.

It is Defendant's second contention that the indictment fails to charge an offense because it does not allege that the store in question was one "in which valuable things are kept" and because it does not allege an overt act.

"The grand jury charges:

On February 23, 1968, at Lewiston, County of Androscoggin, State of Maine, BYRON G. SMITH feloniously did attempt to commit a criminal offense, to wit; then and there in the nighttime of said day, the store of one Lawrence A. Margolin and Maurice A. Margolin, d/b/a Union Square Travel Agency, there situate, feloniously did attempt to break and enter, with intent the property of said Lawrence A. Margolin and Maurice A. Margolin, in said store then and there being, feloniously to steal, take and carry away, and in such attempt did then and there do a certain overt act toward the commission of said offense by then and there prying the door of said store, but he, the said BYRON G. SMITH, then and there failed, was interrupted and prevented in the execution of said criminal offense."

No objection was made to the indictment before trial, but Defendant's contention that it fails to charge an offense is still available to him and we will consider it. M.R.Crim.P., Rule 12(b) (2), Glassman, Maine Practice, 12.1.

The indictment purports to charge Defendant with a violation of 17 M.R.S.A., § 754, which creates a felony and reads:

"Whoever, with intent to commit a felony or any larceny, breaks and enters in the daytime or enters without breaking in the nighttime any dwelling house, or breaks and enters any office, bank, shop, store, warehouse, vessel, railroad car of

any kind, motor vehicle, aircraft, house trailer, or building in which valuable things are kept, any person being lawfully therein and put in fear, shall be punished by imprisonment for not more than 10 years; but if no person was lawfully therein and put in fear, by imprisonment for not more than 5 years or by a fine of not more than $500."

■ Section 754 classifies three types of structures and vehicles as being entitled by their natures to this particular protection from unlawful entries:

1) dwelling houses

2) offices, etc.

3) buildings not included in the first two categories in which valuable things are kept.

The dwelling house stands in a distinct category because the law recognizes the peril to human privacy and safety likely to result from unlawful invasions of dwellings. The second class consists of buildings (and vehicles) which by their nature may be expected to contain things of value which would tend to present great temptation to thieves and to represent serious potential loss to a victimized owner. In the third division are those buildings outside of the first two classes the breaking into which assumes such serious proportions only because valuable things are in fact kept there. This last category is separated from the preceding one by a comma and the disjunctive "or" adding to our persuasion that the legislature intended to make breaking and entering a store with the intent to commit larceny an offense even though it is not alleged that valuable things are kept within. If it had been the legislature's design that section 754 should apply only to those buildings in which valuable things are kept there would have been no need to have also listed them by their several varieties. We are aware of dictum to the contrary found in State v. Neddo, 92 Me. 71, 76, 42 A. 253 (1898).

■ We find that the words "by then and there prying the door of said store" sufficiently alleged an overt act going beyond mere preparation and moving directly toward the commission of the offense. Duncan v. State, 158 Me. 265, 183 A.2d 209, cert. denied 371 U.S. 867, 83 S.Ct. 129, 9 L.Ed.2d 104 (1962).

The several other issues argued by Defendant concern alleged trial errors which could have been—but were not—raised by Defendant at time of trial. Defendant contends that these alleged errors are obvious and were so gross that manifest injustice occurred and that they should be considered by the Court although no objections were taken to them at trial. M.R.Crim.P., Rule 52(b) reads:

"Obvious errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

We considered the application of this rule in State v. O'Clair, Me., 256 A.2d 839, 840 and again in State v. Ifill, Me., 266 A.2d 66 (1970) saying:

"We have repeatedly expressed our reluctance to order a new trial where error is alleged for the first time before this Court on appeal and will do so only where such error is of serious consequence 'affecting substantial rights' and amounting to manifest injustice."

Our examination of the record reveals no manifest error.

Defendant was indicted for this offense at the June Term of Court. At that time Defendant was serving at the Maine State Prison a sentence for an unrelated crime. On June 19 he requested that immediate disposition be made of the present indictment, as was his right under the provisions of 34 M.R.S.A., § 1391. Early in the September Term the Defendant was brought to court from the prison, counsel was appointed to represent him sometime during the forenoon and he pleaded not guilty on ar-

raignment. Defendant's trial commenced at 1:45 P.M.

The record does not disclose at just what time counsel was appointed for Defendant. Defendant's counsel argues that it was late in the forenoon. The County Attorney conceded in argument that it was no earlier than midway through the morning session.

Defendant now argues that counsel could not possibly have been able to prepare an adequate defense in the short time available to him.

While Defendant's trial commenced at an admittedly short time after appointment of his counsel the record reveals that no requests for further time for preparation were made to the Presiding Justice and, in fact, Defendant's counsel in Defendant's presence, informed the Court that he was ready for trial. Further, there has been no demonstration that the Defendant was in any way prejudiced. The factual and legal issues were relatively simple and there is no presumption that a defense would have materialized if further time for preparation had been ordered by the Court. State v. Rastrom, Me., 261 A.2d 245 (1970). We are also satisfied that the record shows no deprivation of effective assistance of counsel and no denial of due process. Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1940); State v. Rastrom, supra.

The Defendant was charged with a violation of section 754 which concerns the crime of breaking and entering with the intent to commit larceny. In almost identical language section 2103 creates the crime of breaking, entering and larceny. During his instructions to the jury, the Justice inadvertently read to the jury section 2103. Apparently neither counsel noticed the mistake as it was not brought to the Justice's attention (M.R.Crim.P., Rule 30(b)), probably because of the similarity in language of the two sections. However,

the Justice went on to discuss thoroughly, correctly, and to counsel's satisfaction—as well as to ours—the various elements of the crime with which Defendant was charged and which, he explained, it was the State's duty to prove beyond a reasonable doubt. We have no reason to believe that the jury was misled. A reading of the whole charge satisfies us that there was no manifest prejudicial error. State v. Small, Me., 267 A.2d 912 (opinion July 28, (1970)).

Appeal denied.