**John C. RASTROM, Petitioner,**

v.

**Allan L. ROBBINS, Warden, Maine State Prison, Respondent.**

**Civ. No. 11–119.**

United States District Court,
D. Maine, S. D.

Nov. 17, 1970.

Harold E. Woodsum, Hugh G. E. MacMahon, Portland, Me., for petitioner.

John W. Benoit, Asst. Atty. Gen., Augusta, Me., for respondent.

## OPINION AND ORDER OF THE COURT

GIGNOUX, District Judge.

The petitioner, John C. Rastrom, was convicted by a jury at the February 1969 Term of the Cumberland County, Maine Superior Court of the crime of uttering a forged check, in violation of 17 M.R.S.A. § 1501. He was sentenced to one to three years imprisonment in the Maine State Prison, and is presently in respondent's custody serving that sentence. On appeal, the Supreme Judicial Court of Maine, Chief Justice Williamson dissenting, affirmed petitioner's conviction. State v. Rastrom, 261 A.2d 245 (Me.1970). He has now filed in this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 *et seq*. The sole issue presented is whether petitioner was denied his Sixth and Fourteenth Amendment right to the effective assistance of counsel by the late appointment of his trial counsel and the denial of his counsel's request for a continuance to permit a proper preparation of the defense. The majority of the Maine Court thought not. This Court, in agreement with Chief Justice Williamson, thinks otherwise.

Petitioner's appeal was presented to the Maine Court upon an agreed statement (*see* Me.R.Civ.P. 76), which constitutes the record before this Court. The agreed statement discloses the following relevant facts: On October 1, 1968, petitioner was arraigned in the State District Court on a criminal complaint for uttering a forged check in the amount of $49.50. He was found to be indigent, and counsel was appointed to represent him. While awaiting grand jury consideration in the Superior Court, petitioner dismissed his assigned counsel, declared that no lawyer from Cumberland County would be acceptable to him, and indicated his intention to conduct his defense without counsel. Petitioner was indicted on January 13, 1969, and at the request of a Superior Court justice, a second attorney visited petitioner in the county jail on February 13 and again on February 17, 1969. This attorney advised petitioner of his right to assigned counsel, but petitioner remained firm in his desire to represent himself.

Petitioner's case was called for trial on February 17, 1969. At 10 a.m. on that day, petitioner appeared in court and restated his intention to proceed without counsel. The presiding justice advised petitioner of the wisdom of accepting counsel. Petitioner finally agreed and accepted the attorney who had visited him in jail to advise him of his rights. The attorney then requested

a continuance to prepare for trial, stating that he was completely ignorant of the specifics of the case, since his conversations with petitioner had been limited to the subject of his right to counsel. The court granted a continuance until 2 p.m. that same afternoon and instructed the county attorney to make his case file available to defense counsel. Counsel had also been present when the county attorney interviewed two of the State's witnesses earlier in the morning.

At 2 p.m., the court reconvened, and petitioner's counsel asked for a further continuance "to make an independent investigation of the facts, to research the law, to consult with his client, to confer, and to reflect." The court denied this request and ordered counsel to proceed to trial. The case was then tried before a jury, and petitioner was found guilty and sentenced. Thereafter, petitioner's counsel filed a timely motion for a new trial, which was denied. At the hearing on this motion, the court was informed that petitioner's counsel had no prior criminal practice or trial experience. In his supporting affidavit, counsel also advised the court that his two conferences with petitioner prior to trial had been limited to a discussion of his right to counsel; that he had been completely unfamiliar with the facts of the case prior to his appointment at 10 a.m. on the day of the trial; that petitioner's behavior and demeanor at the first conference had been "bizarre"; that he had felt a second meeting was necessary because he seriously doubted petitioner's competence to make decisions regarding counsel; that his doubts had been reinforced at the second conference, at which petitioner's behavior was "manic"; and that he had been concerned as to petitioner's mental competence to stand trial, a concern which he had related to the trial judge at a conference, at which the county attorney was present, in the judge's chambers shortly before 10 a.m. on the day of the trial.

The trial record was not made a part of the record on petitioner's appeal to the Maine Supreme Judicial Court. The Maine Court held that the burden was on the petitioner to show that the four-hour interval between the appointment of counsel and the start of trial had been prejudicial. Since the trial transcript was not before the Court, petitioner could not point to any specific parts of the trial where he had been prejudiced. In the absence of such a showing, a divided Maine Court affirmed his conviction. State v. Rastrom, *supra*.

It is, of course, clear that petitioner, being indigent, had a federal right to the appointment of counsel to assist in his defense to the charge against him, which was a felony under Maine law.[1] Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 92 L.Ed. 799 (1963). And it has long been recognized that the right to counsel is the right to the effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); Hawk v. Olson, 326 U.S. 271, 278, 66 S.Ct. 116, 90 L.Ed. 61 (1945); Glasser v. United States, 315 U.S. 60, 69–70, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Avery v. Alabama, 308 U.S. 444, 446, 60 S.Ct. 321, 84 L.Ed. 377 (1940); Powell v. Alabama, 287 U.S. 45, 56–57, 53 S.Ct. 55, 77 L.Ed. 158 (1932). In Powell v. Alabama, *supra*, the Supreme Court long ago stated that the duty to furnish counsel "is not discharged by an assignment at such a time or under such circumstances as to preclude the giving of effective aid in the preparation and trial of the case." 287 U.S. at 71, 53 S.Ct. at 65. In Avery v. Alabama, *supra*, while recognizing that "the Constitution nowhere specifies any period which must intervene between the required appointment of counsel and trial," and that "the fact, standing alone, that a continuance has been denied, does not constitute a de-

---

1. 17 M.R.S.A. § 1501 provides for a prison sentence of up to ten years.

nial of the constitutional right to assistance of counsel," the Court said:

> the denial of opportunity for appointed counsel to confer, to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. 308 U.S. at 446, 60 S.Ct. at 322.

In short, "where counsel has no acquaintance with the facts of the case and no opportunity to plan a defense, the result is that the defendant is effectively denied his constitutional right to assistance of counsel." Chambers v. Maroney, 399 U.S. 42, 59, 90 S.Ct. 1975, 1985, 26 L.Ed.2d 419 (Harlan, J., concurring and dissenting).

It is true that the Supreme Court has refused "to fashion a *per se* rule requiring reversal of every conviction following tardy appointment of counsel." Chambers v. Maroney, *supra* at 54, 90 S. Ct. at 1982. "The issue is one of fact; and wide discretion is afforded the trial judge's decision." Megantz v. Ash, 412 F.2d 804, 807 (1st Cir.1969) (citing Nilva v. United States, 352 U.S. 385, 395, 77 S.Ct. 431, 1 L.Ed.2d 415 (1957)). And as the Supreme Court stated in Ungar v. Sarafite, 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964),

> The matter of continuance is traditionally within the discretion of the trial judge * * *. There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case * * *. 376 U.S. at 589, 84 S.Ct. at 849.

■ ■ Normally, the burden is on the petitioner to show specific prejudice resulting from the denial of a motion for continuance. Megantz v. Ash, *supra*, 412 F.2d at 806–807; United States v. Ellenbogen, 365 F.2d 982, 985 (2d Cir. 1966), cert. denied, 386 U.S. 923, 87 S. Ct. 892, 17 L.Ed.2d 795 (1967). And

yet there comes a point where the time for preparation is so short under the circumstances that the burden shifts to the state to negate prejudice. The Fourth Circuit has led the way in developing the sound rule, now accepted by at least the First and Third Circuits, that the late appointment of counsel, so shortly before trial as to deny opportunity for investigation, research and reflection, is inherently prejudicial and makes out a *prima facie* case of denial of effective assistance of counsel, with the burden of proving absence of prejudice shifting to the state. Fields v. Peyton, 375 F.2d 624 (4th Cir.1967); Twiford v. Peyton, 372 F.2d 670 (4th Cir. 1967); Martin v. Virginia, 365 F.2d 549 (4th Cir.1966); Megantz v. Ash, *supra;* United States ex rel. Chambers v. Maroney, 408 F.2d 1186 (3rd Cir.1969), affirmed, Chambers v. Maroney, *supra;* United States ex rel. Mathis v. Rundle, 394 F.2d 748 (3rd Cir.1968). *See also* Mosley v. Dutton, 367 F.2d 913 (5th Cir.1966), cert. denied, 387 U.S. 942, 87 S.Ct. 2074, 18 L.Ed.2d 1328 (1967); Pedicord v. Swenson, 304 F.Supp. 393, 398–400 (W.D.Mo.1969). The Third Circuit has expressed the Rule as follows:

> Should the trial court fail to appoint counsel sufficiently in advance of trial to prepare defendant's case in a reasonably thorough manner, and should defendant on collateral attack establish a prima facie case that the hasty appointment of legal assistance may have been inherently prejudicial to his trial by precluding him from the advantage of an adequately prepared defense, then it follows logically that the state should bear the brunt of rebutting the presumption of injury inherent in its skimpy compliance with the sixth amendment command. United States ex rel. Mathis v. Rundle, *supra,* 394 F.2d at 753.

These cases stand for the proposition that "representation is not adequate and a trial does not meet the standard of fundamental fairness if a court-appointed attorney is not afforded an adequate

opportunity to investigate and reflect upon his client's case." Martin v. Virginia, *supra* 365 F.2d at 552. In such circumstances, the potential for prejudice is so great that a defendant is not required to show precisely how he was prejudiced by the brief time provided counsel for the preparation of his case.

██ It is evident that under the rule of the above cases petitioner has made a *prima facie* showing of denial of the effective assistance of counsel in this case. Counsel was given only four hours to prepare to defend a felony charge. He had no previous criminal or trial experience. Prior to his appointment, he was wholly unfamiliar with the facts of the case. His two conferences with petitioner on the eve of trial, which were limited to a discussion of petitioner's right to counsel, raised serious doubts as to petitioner's competence to stand trial. Although aware of all these facts, the trial judge forced counsel to trial in such a limited time as plainly to preclude any opportunity to investigate the factual background of the case, to complete any necessary legal research, or to obtain an expert opinion as to petitioner's mental competency. Concededly, as the Maine Court observed, the factual and legal issues presented by the charge appear to have been relatively simple. But while four hours might have been sufficient time for an experienced trial attorney to determine the merits of the case, four hours can hardly be deemed to have been adequate for inexperienced counsel who had never previously tried a criminal case. Furthermore, four hours was patently insufficient for any counsel, no matter how competent, to have arranged for the psychiatric examination which counsel's observations of petitioner's mental condition clearly indicated. Plainly, petitioner has made a showing of potential prejudice, which the State has not rebutted. Although the State opened its file for counsel's inspection and counsel was permitted to be present when the county attorney interviewed two of his witnesses, counsel was entitled to the opportunity to develop his own case and should not have been forced to rely solely on the State's evidence.

More than twenty-five years ago in Glasser v. United States, *supra*, the Supreme Court declared that "the right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice resulting from its denial." 315 U.S. 60, at 76, 62 S.Ct. 457, at 467. *See also* Hawk v. Olson, *supra*, 326 U.S. 271, at 278, 66 S.Ct. 116.[2] This principle is applicable to the case at bar. As Chief Justice Williamson observed in his dissenting opinion, the question is not whether, if allowed sufficient time, counsel could have aided petitioner; counsel was entitled to the opportunity to try to do so. State v. Rastrom, *supra*, 261 A.2d 245, at 249; Martin v. Virginia, *supra*, 365 F.2d at 553–554. The record in this case discloses such a probability of prejudice from the late appointment of counsel that no showing of specific prejudice is required.

Respondent points to a number of cases which he contends have placed the burden upon the defendant to prove that he suffered prejudice from the late appointment of counsel. *See, e.g.*, Megantz v. Ash, *supra*; United States ex rel.

---

2. Continuance may or may not have been useful to the accused, but the importance of the assistance of counsel in a serious criminal charge after arraignment is too large to permit speculation on its effect. Hawk v. Olson, *supra* at 278, 66 S.Ct. 116.

In Estes v. Texas, 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543 (1965), the Supreme Court used the same approach in a similar context:

It is true that in most cases involving claims of due process deprivations we require a showing of identifiable prejudice to the accused. Nevertheless, at times a procedure employed by the State involves such a probability that prejudice will result, that it is deemed inherently lacking in due process. 381 U.S. at 542–543, 85 S.Ct. at 1633.

Chambers v. Maroney, *supra*; United States ex rel. Mathis v. Rundle, *supra*; Dawson v. Peyton, 359 F.2d 149 (4th Cir.1966); Baldwin v. United States, 260 F.2d 117 (4th Cir.1958); Channell v. Coiner, 297 F.Supp. 1005 (N.D.W.Va. 1969). These cases, however, stand for no more than the proposition that where the record contains adequate affirmative proof that the defendant was not prejudiced despite the lack of time for prepa ration by counsel, the courts will not find a denial of effective representation. In each of these cases the court made a detailed analysis of the record and found that the tardy appointment of counsel had in no way prejudiced the defendant. These cases are plainly distinguishable from the present case, where there is no affirmative evidence whatever to overcome the presumption of prejudice from the shortness of time allowed for preparation.

Finally, respondent argues that petitioner waived his constitutional right to the effective assistance of counsel by summarily discharging his original counsel some four and one-half months before trial and by stubbornly refusing to accept other assigned counsel up to the day of his trial. For this, respondent relies on those cases in which the courts have sustained the denial of a continuance where the defendant has been guilty of unreasonable and unexcusable delay in securing counsel of his own choosing. *See, e.g.*, Ungar v. Sarafite, *supra*; United States v. Valdez, 418 F.2d 363 (5th Cir.1969); Torres v. United States, 270 F.2d 252 (9th Cir. 1959), cert. denied, 362 U.S. 921, 80 S. Ct. 675, 4 L.Ed.2d 741 (1960); Neufield v. United States, 73 App.D.C. 174, 118

F.2d 375 (D.C.Cir.1941); United States ex rel. Gallo v. Follette, 270 F.Supp. 507 (S.D.N.Y.1967). A reading of these cases, however, discloses that in each of them a nonindigent defendant had been afforded adequate time in which to retain counsel and had failed without sufficient excuse to do so. There can be no question that, as the Maine Court noted, petitioner's own conduct produced the situation of which he now complains. But the record shows that during the four and one-half months while petitioner was in jail awaiting trial, his behavior was so "bizarre" and "manic" that the second attorney reported to the judge that he was concerned as to petitioner's competence to understand his rights and to make decisions regarding counsel. In discharge of his duty to determine whether there was an intelligent and competent waiver of counsel by petitioner, Johnson v. Zerbst, 304 U.S. 458, 465, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938),[3] the judge again undertook to urge petitioner to accept assigned counsel, and petitioner agreed to do so. Under familiar principles declared in Johnson v. Zerbst, *supra*, no waiver of the right to the effective assistance of counsel can be presumed in these circumstances. *See also* Carnley v. Cochran, 369 U.S. 506, 82 S. Ct. 884, 8 L.Ed.2d 70 (1962). Having determined that petitioner was entitled to and prepared to accept assigned counsel, the obligation of the trial judge was not only to appoint counsel but to provide counsel with adequate opportunity to prepare a defense. Otherwise, the appointment of counsel could amount to no more than a "sham" and a mere "formal compliance" with the Constitution's command. Avery v. Alabama, *supra*, 308 U. S. 444, at 446, 60 S.Ct. 321; United

---

3. The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused—whose life or liberty is at stake—is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record. Johnson v. Zerbst, *supra* at 465, 58 S.Ct. at 1023.

States ex rel. Kimbrough v. Rundle, 293 F.Supp. 839, 843 (E.D.Pa.1968).[4]

For the reasons stated, the Court holds that petitioner's conviction was obtained in violation of his right to the effective representation of counsel guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. Accordingly, the judgment of conviction and sentence imposed upon petitioner by the Cumberland County Superior Court is vacated, and the matter is remanded to that court to afford the State an opportunity to grant petitioner a new trial. In the event of the failure of the State to grant petitioner such relief within 60 days from the date hereof, the writ will be sustained and petitioner ordered discharged from custody.

The Clerk will enter an appropriate order in accordance with the foregoing, which order will also provide that this Court retains jurisdiction of the present petition for the entry of such further orders as may be necessary or appropriate. In the event the State appeals, any stay of this order should be sought in the Court of Appeals.[5]

4. In *Kimbrough,* the court aptly observed that "last-minute appointment of counsel is functionally equivalent to the absence of counsel." 293 F.Supp. at 843.

5. Petitioner has been ably represented in these proceedings by court-appointed counsel, Harold E. Woodsum, Jr., Esquire, and Hugh G. E. MacMahon, Esquire, of Portland. Their conscientious and skillful service has been in the highest tradition of the bar.