**STATE of Maine**

v.

**Rodney L. CURTIS.**

Supreme Judicial Court of Maine.

Oct. 10, 1972.

---

David M. Cox, County Atty., Bangor, for plaintiff.

Noel K. Evans, Millinocket, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK, and ARCHIBALD, JJ.

ARCHIBALD, Justice.

The defendant, indicted for assault and battery of a high and aggravated nature (17 M.R.S.A. § 201), elected to waive trial by jury and, after trial before a single Justice of the Superior Court, was convicted of simple assault. He has appealed and assigns, as a basis therefor, the following reason:

"The court erred in refusing to grant a continuance upon request of Defendant's counsel and such error was prejudicial and material to the conduct of Defendant's defense and constitutes reversible error."

We summarize the sequence of events which must be considered in reaching our conclusion.

Sept. 11, 1970—Defendant was indicted by the grand jury.

Sept. 14, 1970—Defendant was found to be indigent and counsel was appointed to defend him.

Sept. 16, 1970—Following arraignment defendant entered a plea of "not guilty."

Sept. 21, 1970—Counsel for defendant filed a written motion for a continuance,[1] which was denied.

Sept. 22, 1970—Defendant, in writing, waived trial by jury and the trial commenced.

Sept. 23, 1970—During the morning session on the second day of trial counsel for defendant moved, orally, for a continuance

---

1. "Defendant moves the Court for an extension of time for trial of his cause from September 22, 1970, to October 1, 1970, for the following reasons:
   That Counsel has recently been appointed to represent Defendant in the above matter and that Counsel has had inadequate time to contact all the witnesses. In addition, there is a principal witness who has not yet been located."

to allow him time to "attempt to have Mr. Nash here as a witness."[2] At that time counsel also noted that he had been unable, "due to the setting of the trial date," to locate one George Crocker, purportedly an eyewitness to the events in question. Later that morning, and prior to the noon recess, the court informed counsel for defendant that "[i]f Mr. Nash is not here by the time we conclude the [noon] recess . . . then we will proceed without Mr. Nash." The record discloses no further reference to either witness (Crocker or Nash) and, immediately following the noon recess, the defense rested.

Although appellant fails to specify in his point of appeal the motion to which it refers, viewed in its broadest sense we consider the appeal to require discussion of two related areas. Accordingly, we will consider appellant's contention that the presiding Justice's denial of defendant's motion for a continuance was prejudicial to his defense, first, as it pertains to the adequacy of time for preparation for trial and, secondly, as it pertains to the unavailability of witnesses.

■ Whether or not a continuance will be granted in a given case has long been considered to be a matter entirely within the discretion of the presiding justice. In reviewing such discretionary rulings this Court looks only to see "if there has been a clear abuse of that discretion." State v. Carll (1965), 161 Me. 210, 214, 210 A.2d 680, 682. Furthermore, the burden of showing such an abuse of discretion rests upon the party alleging the abuse. State v. Hume (1951), 146 Me. 129, 78 A.2d 496.

■ Appellant's first contention, namely, that his appointed counsel had insufficient time to prepare for trial, is without factual support. Counsel for defendant was appointed September 14, 1970, a full eight days prior to trial. Other than a general allegation of "lack of reasonable opportunity to present a defense," appellant has failed to specify any "occurrences at trial which would suggest that he was prejudiced or that his counsel was disadvantaged by lack of preparation." State v. Rastrom (Me.1970), 261 A.2d 245, 246. In fact, the record reveals only one instance where it was suggested that defense counsel had not had sufficient time to prepare for trial. That occurred during the second day of trial when counsel informed the Court that he was unable to locate George Crocker "due to the setting of the trial date." The record supplies no evidence in support of this purely conclusory statement. Thus, absent a factual showing that either the furtherance of justice required a continuance or that actual prejudice in fact resulted, appellant has not sustained his burden of showing that the denal of a continuance by the presiding Justice constituted an abuse of discretion.

A closely related argument advanced by appellant is that the denial of a continuance violated his constitutional right to effective assistance of counsel. This contention is likewise without foundation. Appellant was assigned counsel by the Court eight days before trial. Aggravated assault and battery is not necessarily a complex crime. Thus, in light of "the nature of the criminal charge to be tried, and whether or not the factual and legal issues appear to be relatively simple or complicated," State v. Rastrom, *supra* at 248, it is apparent that eight days was adequate time for preparation for trial. Indeed, the transcript reveals no evidence whatsoever that lack of preparation time rendered appellant's counsel ineffective at trial. *See* Rastrom v. Robbins (1st Cir. 1971), 440 F. 2d 1251, 1254; Avery v. Alabama (1940), 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377.

■ Appellant further contends that it was an abuse of discretion by the presiding Justice to deny a continuance which, if granted, would have enabled appellant to

2. Although Mr. Nash did not testify, he had been in attendance as a State's witness on September 22nd but did not return on the 23rd.

produce two "key" witnesses. It is elementary that a party seeking a continuance for the purpose of securing the attendance of witnesses must show:

> "[W]ho they are, what their testimony will be, that it will be relevant . . . and competent, that the witnesses can probably be obtained if the continuance is granted, and that due diligence has been used to obtain their attendance for the trial as set. . . ."

Neufield v. United States, (1941) 73 App. D.C. 174, 118 F.2d 375, 380.

■ On the facts before us, we cannot say that the appellant has met this test. Although counsel for appellant did inform the Court that the testimony of witness Nash was "highly pertinent" and "differs in many substantial respects" from previous testimony, there was no showing of *what* that testimony would be or *how* it would differ from testimony already presented. Moreover, although counsel's oral motion for a continuance was specifically based upon "the unavailability of witness Nash," counsel's contention that the unavailability was due to illness was unsubstantiated by either a medical certificate or by any other type of direct evidence.

It is apparent from the record that the presiding Justice was more than willing to accommodate defense counsel in his desire to have Mr. Nash testify. The Justice, despite the fact that Mr. Nash's illness was unsubstantiated, indicated that he would delay ruling on the motion "pending a determination of what Mr. Nash's condition and availability is." The Justice later informed defense counsel that transportation had been made available to Mr. Nash and that unless the witness was present at the conclusion of the noon recess, the trial would proceed without him. In view of these circumstances, it seems clear to us that the presiding Justice provided ample opportunity to either produce the witness or advance a valid reason for not doing so.

As for the unavailability of witness Crocker, little discussion is required. The Justice below was presented no facts indicating what testimony Crocker would give, or whether it would be relevant. Perhaps more significantly, no effort was made to show that the witness "probably could be obtained" or that "due diligence has been used to obtain [his] attendance for the trial as set." Neufield v. United States, *supra*. Under such circumstances, it seems clear to us that the presiding Justice acted properly in denying the motion.

In conclusion, we have no basis for holding that the presiding Justice's denial of appellant's motion constituted an abuse of discretion. Such a ruling must necessarily be made on an ad hoc basis in light of the circumstances known at the time. Thus, the law has long required that the party requesting a continuance make known to the presiding justice substantial reasons why the granting of the continuance would serve to further justice. State v. Carll, *supra*.

The entry is:

Appeal denied.

All Justices concurring.