## STATE of Maine

v.

## Franklin O. COBB, III.

Supreme Judicial Court of Maine.

Argued Nov. 3, 1981.

Decided Dec. 3, 1981.

---

Henry N. Berry, III, Dist. Atty., Michael McCarthy, Asst. Dist. Atty. (orally), Portland, for plaintiff.

Law Offices Daniel G. Lilley, P. A., Naomi Honeth (orally), Daniel G. Lilley, Franklin F. Stearns, Portland, for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, CARTER, VIOLETTE and WATHEN, JJ.

### MEMORANDUM OF DECISION.

The Defendant, Franklin O. Cobb, III, appeals from a conviction on April 28, 1981, of reckless conduct with a dangerous weapon, 17–A M.R.S.A. § 211, 1252(4) (1980), entered after a jury trial in Superior Court (Cumberland County). He alleges error by the regional presiding justice in assigning his case to a trailing docket. He also challenges the presiding justice's instruction of the jury on the element of recklessness and his denial of the Defendant's motion for continuance.

We affirm the judgment.

█ The Defendant's claim concerning the scheduling of his case must be reviewed under the obvious error standard because it was not raised at trial. M.R.Crim.P. 52(b). We express no opinion on the administrative desirability of the method of scheduling which was employed by the regional presiding justice. We find, however, that the assignment of the Defendant's case to a trailing docket[1] did not violate 4 M.R.S.A. § 110 (1979) nor deprive the Defendant of a fair opportunity to prepare his defense. The regional presiding justice was in compliance with the statute when on March 4, 1981 he issued a Notice of Setting that scheduled the calling of cases involving jury trials for April 6, 1981 and the commencement of these trials on April 7, 1981. The Defendant's case was reached for trial ten months after his arraignment. This statute does not require the regional presiding justice to schedule individual cases. The Defendant has shown no prejudice resulting from the assignment of his case to a trailing docket.

The remaining claims lack merit. The denial of the motion for continuance does not amount to an abuse of discretion by the presiding justice. *See State v. Curtis*, Me., 295 A.2d 252 (1972). At trial the Defendant made no request regarding, or objection to, the jury instructions on the element of recklessness. Reviewing the record under the obvious error standard, we find no prejudice to the Defendant resulting from these instructions.

The entry is:

Appeal denied.

Judgment affirmed.

All concurring.

1. On a trailing docket, as each case is disposed of by trial or otherwise, the next case is in order for trial immediately.